**Kenneth Lee HATTEMAR, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 46460.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 28, 1983.

Leland C. Smith, St. Charles, for appellant.

Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a denial of a Rule 27.26 motion. We reverse and remand with directions.

Movant pled guilty and was convicted of selling a controlled substance on August 3, 1981. Movant was sentenced to ten years imprisonment. Testimony adduced at the guilty plea hearing revealed the existence of a plea bargain agreement between movant and the state. The state recommended the minimum sentence of five years and stated it would not oppose any suspended imposition or execution of sentence.

The relevant portion of the proceeding occurred as follows:

Q. Mr. Hattemar, the Court, at this time, is going to indicate to you that if it accepts your plea of guilty that *it is not necessarily going to be bound by the recommendation of the prosecuting attorney's office* and that the disposition to be made of this may be less favorable to you than the recommendation on behalf of the prosecuting attorney's office (emphasis ours)

Because of that, I am going to, at this time, give you the opportunity to withdraw your plea of guilty thus far made. Do you want to consult with your attorney for a few minutes?

A. Yes, sir.

Q. Mr. Hattemar, have you have a adequate opportunity to consult with your attorney, Mr. Smith?

A. Yes sir.

Q. And is it your desire to withdraw your plea of guilty or to proceed to enter a plea of guilty to this offense, sir?

A. I want to enter a plea of guilty.

Q. And you understand that the Court is not going to be bound at all by the recommendation on behalf of the state?

A. Yes, sir.

Q. Do you understand that this is the last opportunity the Court will give you to withdraw your plea of guilty? Do you understand that?

A. Yes, sir.

Q. Mr. Hattemar, have any predictions been made to you concerning the actual sentence you will receive from this Court, sir?

A. No, sir.

Q. Have you been threatened or coerced in any way to induce you to plead guilty?

A. No, sir.

Q. Have you been promised anything by anyone including your own attorney by way of leniency of sentence, probation or parole to get you to enter this plea of guilty?

A. No, sir.

Q. Are you entering your plea of guilty here today because someone told you to do so?

A. No, sir.

Q. Who made the final decision that you would enter this plea of guilty?

A. I did.

The statement of the court "is not necessarily going to be bound by the recommendation of the prosecuting attorney's office" was equivocal. Movant was entitled to a statement by the court either at the time of the plea proceeding or at the time of the sentencing, that it had in fact rejected his plea agreement. Rule 24.02(d)(4); *Schellert v. State,* 569 S.W.2d 735, 739 (Mo. banc 1978). While the trial court otherwise followed Rule 24.02(d)(4), movant had the right to know whether or not the trial court had flatly rejected his plea agreement—not a maybe.

We also note movant's plea was a so-called *Alford* plea. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The judgment of the trial court is reversed and the case is remanded with directions to either (1) sentence movant within the perimeter of the plea bargain entered into between the parties or (2) reject the

plea bargain and permit movant to withdraw his plea of guilty.

Reversed and remanded.

CRANDALL, P.J., and REINHARD, J., concur.