David **BLACKFORD**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. WD 48971.

Missouri Court of Appeals,
Western District.

Sept. 20, 1994.

Rebecca L. Kurz, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Bruce K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and BRECKENRIDGE and SPINDEN, JJ.

SPINDEN, Judge.

David Blackford appeals from the denial of his Rule 24.035 motion for post-conviction relief. He contends that the trial court and his trial attorney caused him to believe that he would receive a five-year prison sentence in exchange for his plea of guilty. Instead, the trial court sentenced him to seven years. We reverse the denial and remand for further proceedings.

The state charged Blackford with two counts of delivering a controlled substance pursuant to § 195.211, RSMo Supp.1991. Blackford agreed to plead guilty in exchange for the state's promise to dismiss one of the two counts, to make no specific recommendation concerning his sentence, and to refrain from opposing Blackford's waiver of a presentence investigation.

Just before the guilty plea hearing on November 25, 1992, Blackford's attorney talked to the trial judge who presided over the hearing. The judge told the attorney that if Blackford pleaded guilty and was sentenced that day, he would receive a five-year sentence. At the hearing, the judge accepted Blackford's plea as knowing and voluntary, and then inquired about a presentence investigation:

THE COURT: I will if you wish, I'll order a Presentence Investigation. However, if you want—[your attorney] has indicated to me earlier that you might want to waive that. That is certainly something that is up to you. Do you have an opinion? Let me go over the options with you. If you want a Presentence Investigation, I will order one.

MR. BLACKFORD: Uh-huh.

THE COURT: The benefit of that to you is if there would be things in there that would inspire the Court to do so—I understand you have a considerable record and that probation is probably not a realistic thing for you to be anticipating. But if there was something—you've been treated for drug dependency once. I'm not saying the Court would do it, but there would be a possibility of you being sent to Mineral Point. I'd have to see a Presentence in order to consider that. If you proceed here today, I would probably impose a sentence and you'd go on and start serving that time. I just don't know which one is the best for you. You're the only one that would know that. I just want you to know you can have the Presentence if you want it, but if you don't want it, you don't have to have it.

MR. BLACKFORD: Uh, yes, I'd like the Presentence—

THE COURT: All right.

[DEFENSE COUNSEL]: May I have a moment to speak with my client, Your Honor, before he finishes that sentence?

THE COURT: Well, he's told me he wants a Presentence. I tell you what, . . . let me just order it. I don't think it will hurt anything. It might help, it may not help[.]

Presentence Investigation ordered, cause continued to December 29, 1992, at one-thirty o'clock in the afternoon.

At the sentencing hearing on December 29, 1992, after the trial court reviewed the presentence investigation, the court sentenced Blackford to seven years in prison.

Blackford then filed a Rule 24.035 motion for post-conviction relief. His court-appointed counsel amended the motion. The motion alleged that the trial court and his trial attorney misled Blackford into believing that he would receive a five-year sentence.

At the evidentiary hearing, Blackford's attorney testified that on the day of the guilty plea hearing, the court told him that if Blackford was sentenced that day, he would receive a five-year sentence. The attorney was asked if he relayed this information to Blackford, and he replied:

A. I—I believe that I had conveyed the information to David. I told David the information. Whether or not I successfully conveyed it, I do not know. I thought he understood.

Q. Can you recall specifically what you told David?

A. I believe that I told David if you plead guilty today and the Judge sentences you today, you will receive five years in the penitentiary.

The attorney was also asked if he specifically told Blackford not to request a presentence investigation:

A. [W]hether I actually told David, ["N]ow David, don't ask for a presentence investigation report,["] I doubt that I did. I seriously doubt that I even thought to say don't ask for this because everything is going to get done today, and if you ask for this, then it's different.

Q. I want to back up just a little bit. Am I correct in understanding that you are unsure whether you conveyed to David or David understood whether he had to plead and be sentenced the same day in order to receive a five year sentence?

A. I thought that I had conveyed that to David. But looking back in retrospect and what happened at the bench, either I didn't convey it to David or he chose to ignore me. I don't believe he would choose to ignore me.

After the evidentiary hearing, the motion court denied Blackford's claims for post-conviction relief.

■ In his sole point on appeal, Blackford claims that his trial counsel was ineffective because he caused Blackford to believe that he would be sentenced to a five-year sentence. Blackford also argues that, if the trial court was going to retract its proffered sentence of a five-year sentence in the wake of his request for a presentence investigation, that should have been explained to him.

Rule 24.02(d)4 provides:

If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

The trial court told Blackford's attorney that Blackford would receive a five-year sentence if Blackford pleaded guilty and was sentenced on that day. This was, in effect, a plea agreement. When Blackford asked for a presentence investigation, the trial court, in effect, withdrew the plea agreement without giving Blackford an opportunity to withdraw his plea. The trial court did not inform Blackford of the consequences of his requesting a presentence investigation or that disposition of the case might be less favorable to him than that contemplated by the five-year plea agreement.

■ As this court held in *Brown v. State*, 821 S.W.2d 113, 115–16 (Mo.App.1991), Rule 24.02(d)4 is intended to ensure that a guilty plea is voluntary—that a defendant who persists notwithstanding the court's rejection of a plea agreement is doing so voluntarily. The trial court's handling of Blackford's plea did not ensure that it was voluntary. This is pertinent to a Rule 24.035 inquiry. *Moore v. State*, 853 S.W.2d 378, 380 (Mo.App.1993).

We reverse the motion court's judgment and remand the cause to the motion court to vacate and set aside the judgment of the sentencing court.

All concur.