**Anita L. HARRISON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 49215.**

Missouri Court of Appeals,
Western District.

June 20, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1995.

Barbara Hoppe, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Traci J. Sanders, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and ULRICH and SMART, JJ.

SMART, Judge.

Anita Harrison appeals from the denial of her Rule 24.035 motion without an evidentiary hearing. Harrison sought to vacate her convictions for five counts of forgery, in violation of § 570.090, RSMo 1994 and one count of attempted theft of over $150, in violation of § 564.011, RSMo 1994. Appellant received six consecutive five year prison terms, for a total of thirty years imprisonment.

On October 16, 1990, Anita Harrison ("movant") entered pleas of guilty to five counts of forgery and one count of attempted

theft. Harrison was originally charged with seventeen counts of forgery, one count of hindering a prosecution, one count of escape from custody and one count of stealing over $150. Movant and the State negotiated a plea agreement where, in exchange for movant's pleas of guilty, the State agreed to dismiss all remaining counts at the time of sentencing and make a non-binding recommendation to the court that the sentences be served concurrently. The plea court accepted movant's pleas as being made voluntarily and intelligently. Sentencing was postponed pending a presentence investigation.

Sentencing proceedings were scheduled for November 28, 1990, but movant failed to appear. After entering her guilty pleas, movant went to Colorado. She was later picked up by the FBI on an unlawful flight warrant, and she was returned to Missouri. The sentencing hearing was conducted on March 29, 1992. The State stood by its prior agreement recommending concurrent sentences, but added its recommendation that movant be sentenced to the maximum time for each count, due to her flight from the State. The sentencing court sentenced movant to six *consecutive* five year terms of imprisonment. Movant filed a Rule 24.035 motion on July 25, 1991. The motion was denied without an evidentiary hearing. Harrison appeals.

■ On appeal, Harrison claims that the sentencing court violated Rule 24.02(d)(4) by not allowing her the opportunity to withdraw her pleas of guilty. Movant failed to properly preserve this point for appellate review because she failed to move to withdraw her pleas of guilty after the trial court rejected the State's sentencing recommendation. *State v. Jones,* 594 S.W.2d 932, 938 (Mo. 1980). However, we elect to review her contention that she was deprived the right to withdraw her guilty plea because, if such right was violated, it may amount to plain error under *Schellert v. State,* 569 S.W.2d 735 (Mo. banc 1978).

The holding in *Schellert* requires the sentencing court to allow a defendant the opportunity to withdraw his or her plea when a sentence concession has been negotiated, and the court decides not to follow the State's recommendation. In *Schellert,* the appellant pleaded guilty to feloniously uttering a check for over $100.00 without sufficient funds for payment. The court was told by the prosecutor that he had told the defendant that if he were to plead guilty, the state would recommend probation. The court asked appellant if he understood that the recommendation was "nothing more than a recommendation" and that the court had the authority to impose different punishment. Appellant answered that he was aware of the court's authority. The court then accepted appellant's plea of guilty and ordered a presentence investigation. When appellant appeared for sentencing, the court reminded appellant that it was not a party to the recommendation made by the prosecutor and was free to impose whatever sentence it deemed appropriate. The court then imposed the maximum sentence of five years imprisonment. The court did not inform appellant before sentencing that it was not going to follow the State's recommendation, and it gave the defendant no opportunity to withdraw the guilty plea. The Supreme Court of Missouri granted transfer to determine:

> whether, as a matter of substantial fairness, a trial court should afford a criminal defendant the opportunity to withdraw a plea of guilty in any case in which the judge determines not to grant the sentence concessions contemplated by a plea agreement or plea bargain made between the defendant and the prosecutor.

*Id.* at 737. After an exhaustive discussion of the history of the plea bargaining process, the Court held, *inter alia,* that "[t]hough the court is not bound by the plea bargain between the prosecutor and the defendant and/or his attorney, if the court does not intend to follow the prosecutor's recommendation, the defendant should have the privilege of withdrawing his plea." *Id.* at 739. The cause was remanded to the trial court for the entry of a new plea.[1]

---

1. *See also State v. Simpson,* 836 S.W.2d 75 (Mo. App.1992); *Hattemar v. State,* 654 S.W.2d 652 (Mo.App.1983); and *Welch v. State,* 620 S.W.2d 401 (Mo.App.1981).

In the case at bar, Harrison was not given the opportunity to withdraw her pleas of guilty after the trial court rejected the prosecutor's recommendation at the sentencing hearing. Movant pleaded guilty to five counts of forgery and one count of attempted theft in exchange for the State's promise to dismiss the remaining counts and to recommend concurrent sentences. At the plea hearing, movant acknowledged that the court could sentence her to concurrent or consecutive sentences. The court made sure she understood that, whether the court decided to impose concurrent or consecutive sentences, she would not be permitted to withdraw her plea. At the sentencing hearing, the court rejected the recommendation of concurrent sentences and sentenced movant to six consecutive five year terms of imprisonment. The court did not give her a chance to withdraw her plea. The court's actions, at first appraisal, seem to contravene the holding in *Schellert*. Movant contends the trial court action also violates Rule 24.02(d)(4) which provides:

> *Rejection of a Plea Agreement.* If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

Rule 24.02(d)(4), which sprang from *Schellert*, contemplates the trial court's rejection of a "plea agreement." The facts of this case raise the issue of whether a "plea agreement" is always the same thing as a prosecution "recommendation." Some recommendations are understood to be "non-binding" in the sense that the court need not allow defendant to withdraw the plea even when the court chooses not to follow the recommendation. *Schellert* seems to suggest that any time the court does not follow a prosecution recommendation concerning sentence, the defendant is entitled to withdraw the plea of guilty. *Schellert* may, in fact, have intended

to eliminate the concept of a "non-binding recommendation" and to treat every recommendation as "binding" in the sense that if the court does not intend to follow the recommendation, defendant must be allowed to withdraw the plea. However, if we construe *Schellert* narrowly, according to its facts, we do not reach that conclusion. Some confusion stems, we suggest, from the language in *Schellert* that "though the court is *not bound* by the plea bargain ... the defendant should have the privilege of withdrawing his plea." *Id.* at 739. There is a sense in which, of course, the court is never bound by a plea agreement. The court, indeed, may refuse to go along with the agreement. We submit that the court in *Schellert*, in referring to the fact that the court is "not bound" by the plea agreement, was simply referring generally to the court's ability to reject the agreement. But in the case of a true plea agreement, the prosecutor's recommendation is "binding" in the sense that the court must allow the defendant to withdraw the plea if the court chooses not to abide by the agreement. However, there is a difference between a true plea agreement and a non-binding recommendation, and that difference involves the issue of whether the agreement includes a genuine sentence concession.

We suggest that the problem in *Schellert* was that the plea court in that case confused a true "plea agreement" with a "non-binding recommendation." For instance, if, in *Schellert*, the record had shown that defendant had clearly understood that the prosecutor's offer was that if the defendant would plead guilty, the prosecution would make a *non-binding* recommendation to the court of probation, but that the court would be free to impose "hard time" of whatever sentence it felt was appropriate within the range of punishment, and that he would not be able to withdraw his plea, the result of the case presumably would have been different. In such a case, it could be said that the defendant had not negotiated a true "sentence concession" as to probation, but instead had negotiated a mere non-binding recommendation of probation.

What can happen, however, is what apparently happened in *Schellert*. There the pros-

ecutor told the defendant that if he pleaded guilty the state would recommend probation. *Id.* at 736. Such a statement by the prosecutor describes a plea agreement. The trial court, however, informed the defendant of its view that the recommendation was "nothing more than that" and that the court had authority to impose different punishment (impliedly, without giving the defendant an opportunity to withdraw the plea). Although the defendant, who was not represented by counsel, indicated that he understood such was the case, one can only wonder about his actual degree of understanding in view of the conflict between the agreement described by the prosecutor and the agreement described by the court. The court ordered a presentence investigation, and then subsequently imposed a five year sentence, without suspending execution of the sentence. The defendant made no attempt to withdraw his plea at the time of sentencing or prior to sentencing, but contended in a 27.26 motion that his plea was involuntary. The Supreme Court granted relief, allowing him an opportunity to withdraw the plea. The statement of the prosecutor at the plea hearing that "if the defendant pleaded guilty, the state would recommend probation" should be understood as referring to a true plea agreement, especially in the absence of clarification otherwise. In *Schellert,* the plea court had told the defendant that *it* viewed the defendant's agreement as involving only a non-binding recommendation, but the record failed to show that the defendant had, prior to pleading, understood the agreement that way, particularly in view of how the agreement was articulated by the prosecutor at the time of the plea. We understand *Schellert* as standing for the proposition that, unless it is *clear* that defendant understood the effect of the discussions with the prosecution as involving a mere non-binding recommendation,[2] then it is plain error to deny defendant an opportunity to withdraw his plea when the court is going to reject the plea agreement. In other words, we understand the effect of *Schellert* to be captured in Rule 24.02(d)(4).

In this case, the facts differ from *Schellert.* At the time of the plea, with Defendant Harrison represented by counsel, the following discussion took place:

THE COURT: ARE YOU READY NOW TO PROCEED ON THOSE MATTERS, MRS. BURNS?

[DEFENSE COUNSEL]: YES, JUDGE, I AM.

THE COURT: AND WHAT IS IT THAT YOU WISH TO DO?

[DEFENSE COUNSEL]: JUST, WE WISH TO ENTER PLEAS, DO YOU WANT ME TO JUST RECITE THE ENTIRE PLEA OFFER?

THE COURT: YES.

[DEFENSE COUNSEL]: OKAY.

THE COURT: IF THEY APPLY TO ALL CASES?

[DEFENSE COUNSEL]: YES.

THE COURT: OKAY. YES, THAT WOULD BE APPROPRIATE.

[DEFENSE COUNSEL]: JUDGE, IN CR190–1728F, THE DEFENDANT WOULD PLEAD TO COUNT I, II, AND III, AND THE STATE WOULD DISMISS AT TIME OF SENTENCING THE REMAINING COUNTS, WHICH ARE IV THROUGH XV.

\* \* \* \* \* \*

[DEFENSE COUNSEL]: AND IN CR190–502F, THE DEFENDANT WOULD ENTER A PLEA OF GUILTY AS CHARGED.

IN CR190–2214F, THE DEFENDANT WOULD PLEAD TO COUNT I. AND AT TIME OF SENTENCING, COUNTS II AND III WILL BE DISMISSED.

IN CR190–1892F, THE STATE WOULD AMEND TO A CLASS "D" FELONY. AND THE DEFENDANT WOULD ENTER A PLEA OF GUILTY TO THAT OFFENSE.

*AND, FURTHER, THAT THE STATE WOULD MAKE A NON–BINDING*

2. In this context, "non-binding" means simply that the court does not have to allow defendant to withdraw the plea even though the court is not planning to follow the prosecutor's recommendation. This is the only meaning we could apply to "non-binding" which makes any sense; otherwise, it is a mere redundancy to refer to a "non-binding" recommendation.

*RECOMMENDATION FOR CONCURRENT SENTENCES.*

\* \* \* \* \* \*

THE COURT: ALL RIGHT. NOW THEN, MR. PROSECUTOR, THAT IS THE PLEA AGREEMENT AS YOU UNDERSTAND IT TO BE?

[PROSECUTOR]: YES, YOUR HONOR. *THERE IS A NON–BINDING RECOMMENDATION TO THE COURT FROM THE STATE FOR CONCURRENT TIME IN ALL FOUR MATTERS.*

AND AS TO THE PLEAS AND THE COUNTS AND THE FIRST SUBSTITUTE INFORMATION FOR INDICTMENT.

THE COURT: ALL RIGHT, AND YOU ARE ANITA L. HARRISON?

DEFENDANT: YES.

THE COURT: AND YOU UNDERSTAND YOU HAVE A RIGHT TO REMAIN SILENT. YOU DO NOT HAVE TO INCRIMINATE YOURSELF. WHATEVER YOU SAY CAN AND WILL BE USED AGAINST YOU THROUGHOUT THESE ENTIRE PROCEEDINGS IN ALL FOUR OF THESE CASES?

DEFENDANT: YES, SIR.

THE COURT: AND DO YOU UNDERSTAND THE PLEA AGREEMENT THAT YOUR ATTORNEY JUST TALKED ABOUT?

DEFENDANT: YES, SIR.

THE COURT: AND ARE YOU SATISFIED WITH THAT.

DEFENDANT: YES, SIR.

THE COURT: DO YOU WANT THE COURT TO ACCEPT THAT?

DEFENDANT: YES, SIR.

THE COURT: *AND DO YOU KNOW WHAT IT MEANS WHEN SHE SAYS IT IS A NON–BINDING RECOMMENDATION FOR CONCURRENT TERMS?*

DEFENDANT: I, YEAH, I DO.

THE COURT: WELL, CONCURRENT MEANS THEY ALL RUN TOGETHER.

DEFENDANT: RIGHT.

THE COURT: *AND WHEN WE SAY NON–BINDING RECOMMENDATION, THAT MEANS THAT THE COURT CAN, DOES NOT HAVE TO ACCEPT THE RECOMMENDATION. AND IF I DON'T, IF I DON'T ACCEPT THAT RECOMMENDATION, THEN YOU WILL HAVE NO RECOURSE AT ALL. YOU WILL NOT BE PERMITTED TO WITHDRAW YOUR PLEA. DO YOU UNDERSTAND THAT?*

DEFENDANT: YES, SIR.

THE COURT: KNOWING ALL OF THAT, DO YOU STILL WANT TO PROCEED UNDER THIS PLEA AGREEMENT HERE TODAY?

DEFENDANT: YES, SIR.

(emphasis added).

In this case, defendant was represented by counsel, and defendant's own counsel articulated the agreement as involving the dismissal of certain counts in return for a guilty plea and then stated also "that the state would make a *non-binding recommendation* for concurrent sentences." The prosecutor also referred to a "non-binding recommendation to the court" for concurrent time in all four matters. In questioning, the court then made sure that it was clear what was understood by the term "non-binding." Consequently, we see this case as distinguishable from *Schellert.* Here, we see no issue of "substantial fairness" nor do we see that any "sentence concessions" were denied the appellant because she obtained the dismissal of the counts she bargained for and there was no "sentence concession" as to the punishment she would receive, or as to whether the sentences would run concurrent or consecutive. The court did understand the prosecutor to be recommending concurrent time as opposed to consecutive time, but elected to impose consecutive time. Because Ms. Harrison understood this was all within the parameters of the agreement, it cannot be said the court rejected the *agreement.* Instead, the court rejected only the non-binding recommendation, which everyone understood the court was free to do without having to

allow defendant to withdraw her plea. We hold that in this case the plea court did not reject the plea agreement, and therefore there was no violation of Rule 24.02(d)(4) or *Schellert.*

It is possible that in *Schellert* the intention of the Supreme Court was to declare that there is an inherent tendency for the defendant to be misled when told that the prosecutor will recommend a particular disposition, and that the court therefore intended to abolish the practice of "non-binding" recommendations. We do not read *Schellert* that way, however, and our review of decisions citing *Schellert* and Rule 24.02(e)(4) has presented nothing which would militate a different view.

### Conclusion

In this case we hold that the appellant's guilty plea was voluntary and that the trial court did not violate the appellant's rights by declining to allow appellant the opportunity to withdraw her guilty plea. The judgment of the trial court denying appellant's 24.035 motion without an evidentiary hearing is affirmed.

All concur.