Edward SIMPSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 73711.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 11, 1999.

---

Jason S. Marks, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for respondent.

MARY K. HOFF, Presiding Judge.

Edward Simpson, Movant, appeals from the circuit court's judgment denying his motion for post-conviction relief pursuant to Rule 24.035. We reverse and remand.

On January 25, 1995, the State charged Movant by indictment with sale of a controlled substance in violation of Section 195.211, RSMo 1994, and possession of a controlled substance in violation of Section 195.202, RSMo 1994. The State later filed an amended information to include allegations that Movant was a prior drug offender and prior and persistent offender.

On August 21, 1996, Movant pleaded guilty to both charges. Movant and the State had been involved in plea negotiations. In discussing the result of the negotiations, the court asked the State if it had a recommendation. The prosecuting attorney indicated that "The State's recommending the defendant be sentenced to ten years on each of the two counts to run concurrent with one another." Movant stated he was aware the State would recommend that amount in exchange for his guilty pleas. The plea court accepted Movant's guilty pleas and deferred sentencing until September 6th. Prior to accepting the pleas, the plea court did not inform Movant that the plea bargain would not be followed if Movant failed to appear for sentencing.

Movant did not appear for sentencing on September 6th. A warrant was issued for his arrest and Movant was arrested in February of 1997. The circuit court held sentencing on February 28, 1997. At sentencing, the court stated that at the time of Movant's guilty pleas, the State was recommending that he serve ten years concurrently. However, the court refused to follow the State's recommendation because of Movant's failure to appear for sentencing on September 6, 1996. As a consequence, the court sentenced Movant to two concurrent terms of twelve years of imprisonment.

Movant filed a timely *pro se* Rule 24.035 motion for post-conviction relief. Appointed counsel amended Movant's motion. In the motion, Movant complained that his plea agreement with the State had not been followed by the court and the court had not given him a chance to withdraw his guilty pleas. Movant also argued his counsel was ineffective for failing to object to the increased sentences. The motion court denied Movant's claims without a hearing, finding that Movant was not entitled to the benefit of his bargain with the State because of his escape from justice. Movant appeals.

Movant raises two points on appeal. In point one, Movant argues the motion court clearly erred in relying on the escape rule to deny his request to vacate his sentences because he alleged error occurring after his capture. Movant claims he pleaded guilty in large part due to the terms of a plea agreement with the State, which the court declined to follow without first informing him of its intent to do so and giving him an opportunity to withdraw his guilty pleas pursuant to Rule 24.02(d)(4) and *Schellert v. State,* 569 S.W.2d 735 (Mo. banc 1978).

■ The escape rule generally operates to deny the right to appeal and post-conviction relief for a defendant who escapes justice. *State v. Troupe,* 891 S.W.2d 808, 809 (Mo. banc 1995). We find, and the State concedes, that the motion court erred in finding Movant's Rule 24.035 motion barred by the escape rule because Movant is challenging errors that occurred in his sentencing, after he was returned to custody. As stated by the Missouri Supreme Court in *Robinson v. State,* 854 S.W.2d 393, 396 (Mo. banc 1993): "Just because a defendant has escaped and been recaptured prior to sentencing does not mean that the State may thereafter violate the defendant's constitutionally protected rights or that the trial court might ignore substantive or procedural requirements at a sentencing hearing." *See also, President v. State,* 925 S.W.2d 866, 868 (Mo.App. W.D.1996). Therefore, the motion court did clearly err in finding Movant's motion barred by the escape rule.

■ Moreover, Movant's contention that the plea court may not increase his sentences over the agreed amount with the State without providing him an opportunity to withdraw his pleas is well taken. In *Schellert,* 569 S.W.2d at 739, the Missouri Supreme Court held that a sentencing court must allow a defendant the opportunity to withdraw his or her guilty plea when the court rejects a plea agreement with the State and decides not to follow the State's recommended sentence. In that case, the defendant pleaded guilty to feloniously uttering a check for over $100 without sufficient funds for payment. The State told the court that if the defendant pleaded guilty it would recommend probation. The court advised the defendant that the State's recommendation was nothing more than that and it had the authority to impose a different punishment. When defendant appeared for sentencing after a presentence investigation, the court refused to sentence him to probation and instead, imposed a five-year sentence. The court never informed Schellert that it intended to deviate from the State's recommendation and never afforded him an opportunity to withdraw his guilty plea.

■ In reversing the denial of Schellert's post-conviction motion, the Supreme Court stated:

If the plea agreement contemplates the granting of sentence concessions by the trial judge, he should give the agreement due consideration, but notwithstanding its existence reach an independent decision on whether to grant sentence concessions. If the court rejects the plea agreement, either at the time of the plea proceedings or at the time of sentencing, the court *shall,* on the record, inform the parties of that fact, advise the defendant personally in open court, or on a showing of good cause, in camera, that the court is not

bound by the plea agreement, afford the defendant the opportunity then to withdraw his plea, and advise the defendant that if he persists in his guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

*Id.* at 739 (emphasis added). This holding has now been formalized in Rule 24.02(d)(4). The rule is intended to ensure that a guilty plea is voluntary and particularly that a defendant who persists in pleading guilty despite the court's rejection of a plea agreement is doing so voluntarily. *See, Blackford v. State,* 884 S.W.2d 98, 100 (Mo.App. W.D.1994).

Under Rule 24.02(d)(4) and *Schellert,* a plea court may not deviate from a plea agreement with the State without providing a defendant an opportunity to withdraw his guilty plea. The State concedes Movant's point has merit, but argues that Movant is only entitled to a hearing on his claim and is not yet entitled to have his case sent back for an opportunity to withdraw his pleas. The State relies upon *Harrison v. State,* 903 S.W.2d 206 (Mo. App. W.D.1995). In *Harrison,* the movant and the State negotiated a plea agreement where Harrison agreed to plead guilty to five counts of forgery and one count of theft and the State agreed to dismiss all remaining counts and make a "non-binding recommendation to the court that the sentences be served concurrently." *Id.* at 207. Before sentencing, Harrison absconded. She was later picked up on a warrant and appeared for sentencing. At that time, the court sentenced Harrison and ordered her sentences be served consecutively. In her post-conviction motion and appeal, Harrison argued that the court deviated from her plea agreement without affording her an opportunity to withdraw her guilty pleas.

The Western District of the Court of Appeals found no deviation because Harrison did not have a "true plea agreement" with the State. The Court found a difference between a "true plea agreement" and a "non-binding recommendation" in that a true plea agreement includes a genuine sentence concession. *Id.* at 208. The Court found no genuine sentence concession because the agreement included the specific statement that the State would make a non-binding recommendation to the court and it was within the parameters of the agreement that the court could reject it. *Id.* at 210–11.

The State avers a hearing is necessary to determine if the State made a "true plea agreement" with Movant or simply made a "non-binding recommendation." We disagree. *Harrison* does not support the State's contention. The *Harrison* court never addressed the issue of whether a hearing would be necessary to determine if any recommendation of the State was a "true plea agreement" or "non-binding recommendation." In *Harrison,* the plea agreement as stated on the record was to make a "non-binding" recommendation for concurrent sentences, which everyone understood the court could reject without allowing Harrison to withdraw her guilty pleas. *Id.* at 210–11.

Here, the terms of the agreement between the Movant and the State are clearly set forth on the record and there is no mention on the record that the State's recommendation for concurrent ten-year sentences would be "non-binding." When the court asked the State if it had a recommendation, the prosecuting attorney averred "The State's recommending the defendant be sentenced to ten years on each of the two counts to run concurrent with one another." As pointed out in *Harrison,* such a statement by the prosecuting attorney describes a true plea agreement. *Id.* at 209. Indeed, the motion court found in its findings of fact that Movant entered his guilty pleas "as part of plea negotiations with the State wherein the State recommended sentences of ten (10) years in the custody of the Missouri Department of Corrections on each of the two counts to run concurrent with one another."

■ Furthermore, for the plea agreement to include a provision that the recommendation is non-binding, then that provision must have been clearly explained to

Movant *before* the court ensured that his pleas were voluntary and accepted his guilty pleas. No such explanation occurred. To find to the contrary would fly in the face of the established rules of procedure set forth to ensure the voluntariness of guilty pleas because it would allow the State an opportunity to add terms to the agreement after Movant's guilty pleas.

In addition, the facts of this case are virtually identical to *Schellert*, which also involved the denial of a post-conviction motion without a hearing. *Schellert*, 569 S.W.2d at 736. In that case, the Supreme Court reversed outright and remanded for entry of a new plea, without the necessity of a hearing on the motion. *Id.* at 740; *see also,. State v. Simpson*, 836 S.W.2d 75, 80–81 (Mo.App. S.D.1992). Therefore, no hearing is necessary to determine if the State's recommendation was non-binding. The record shows the State made a true plea agreement with Movant and this plea agreement was rejected by the court. As a result, the court erred in failing to offer Movant an opportunity to withdraw his guilty pleas. *See, Schellert*, 569 S.W.2d at 739; *Simpson*, 836 S.W.2d at 80. We grant Movant's point of error. Based on our holding, Movant's second point is moot.

We reverse the judgment of the motion court and remand to the trial court. At that time, the trial court may either accept the plea agreement and sentence Movant in accordance with it or reject it as it did originally. If rejected, the court must then provide Movant with the opportunity to withdraw his guilty pleas in accordance with Rule 24.02(d)(4).

The judgment is reversed and remanded for proceedings in accordance with this opinion.

GARY M. GAERTNER, J. and MARY RHODES RUSSELL, J., Concur.