Frank BOYD, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 76035.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 8, 2000.

Dave Hemmingway, Asst. Sp. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Adriane D. Crouse, Asst. Atty. Gen., Jefferson City, for respondent.

## OPINION

LAWRENCE G. CRAHAN, Judge.

Frank Boyd ("Movant") appeals the denial of his Rule 24.035 motion to vacate, set aside or correct judgment and sentence without an evidentiary hearing. In his sole point on appeal, Movant claims the trial court erred in denying his claim that the court failed to comply with Rule 24.02(d)4 by failing to give him an opportunity to withdraw his guilty plea when the court decided not to sentence him in accordance with his plea agreement. We reverse and remand.

Movant was charged as a prior offender and a prior drug offender with delivery of a controlled substance, possession of a controlled substance with intent to deliver and unlawful use of a weapon. After his counsel advised the court that Movant wanted to change his plea from not guilty to guilty, the trial court questioned Movant and the prosecutor about the terms of Movant's plea bargain:

THE COURT: Have you had enough time to talk to your law firm, Mr. Marshall I know and Mr. Turner's law firm, Mr. Mandel——

THE DEFENDANT: Yes.

THE COURT:—— specifically about the facts and the legal strategy?

THE DEFENDANT: Yes, sir.

THE COURT: As a result of that conversation, have you been made aware of what the State of Missouri's recommending in exchange for your plea of guilty?

THE DEFENDANT: Yes, sir.

THE COURT: My understanding is the recommendation is seven years; is that correct?

[PROSECUTOR]: That's the State's recommendation, yes, your Honor.

THE COURT: All right. And that originally—— I know I talked to your attorney and with [PROSECUTOR] present, I believe that was Mr. Mandel yesterday, we talked in terms of five years. But you understand the State's rec has always been seven years?

THE DEFENDANT: Yes, I do.

THE COURT: And I told your attorney also that—— with [PROSECUTOR] present that we didn't have any objection to doing a presentence investigation with no promises attached to it; do you understand that?

THE DEFENDANT: Yes, sir.

The court then had the prosecutor state what the State's evidence would be if the case went to trial. Movant conceded that the State's evidence was basically what had happened. The court then informed Movant of the range of punishment if the State decided to prove he was a prior drug offender. Movant indicated he understood and further stated that no one had made any promises to him about what he would receive or anything else about his case. In response to extensive and detailed questioning, Movant responded that he was satisfied with his counsel's services and the extent of their investigation, that he understood the rights he would give up by pleading guilty and that no one had threatened or forced him to plead guilty against his will.

The court then continued:

THE COURT: When we do that presentence investigation, Mr. Boyd, do you understand that even if the probation officer comes back and says that he agrees with you—— or she—— that you're a rehabilitated man and that you should get probation, it's really my decision? I'm not bound by that?

THE DEFENDANT: Yes, sir.

THE COURT: I have to decide whether you should get probation based on that recommendation as well as the

type of crime and your background and every other relevant factor. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: So even if I disagree and— with the probation officer and decide for some reason not to give you probation, it's a lawful reason. You don't have a right to withdraw your plea of guilty. Do you understand that, sir?

THE DEFENDANT: Yes, sir.

THE COURT: All right. In view of all that you told me, Mr. Boyd, are you admitting that you're guilty voluntarily and of your own free will and because you actually committed these three new offenses?

THE DEFENDANT: Yes, sir.

THE COURT: Based on your statements, I find that your plea of guilty is voluntarily and intelligently made with a full understanding of the charges and consequences of the plea of guilty together with an understanding of your rights attending a jury trial and the effect of a plea of guilty upon these rights.

The Court also finds that there's a factual basis for your plea of guilty and, therefore, accepts your plea of guilty to the charges of delivery of controlled substance, possession with intent to deliver, and unlawful use of a weapon, and based on your statements finds you guilty of those offenses, finds you guilty beyond a reasonable doubt.

The Court's going to defer sentencing to July the 26th at 1996 at 9 a. m. in this division. The Court will order that a presentence investigation be done and it— your bond of recognizance remain in full force and effect.

If for some reason you don't come back to court—

THE DEFENDANT: I'll be back.

THE COURT:— or commit any more offenses or don't talk to the probation people, you not only won't get probation, but are we agreed that you can be sentenced and charged under the punishment—

THE DEFENDANT: I know.

THE COURT:— that would be appropriate considering the new information?

THE DEFENDANT: Judge, I'm not going to make you mad and I'm not going to—

THE COURT: That's fine.

[PROSECUTOR]: Your Honor, I just want to say what I said in the presence of Mr. Boyd's attorney prior to your coming in, that if he doesn't show up for sentencing then I'm going to go ahead and plead him up as a prior drug offender. That's going to make him a minimum of ten. I'm not pleading it up at this point.

THE COURT: Is that agreeable to you?

THE DEFENDANT: Yes, ma'am. I'm sorry. I'm so nervous.

THE COURT: We'll see you back here on July 26 th.

THE DEFENDANT: Thank you, sir.

On July 26, 1996, Movant returned to the courtroom but left before sentencing when he learned from his attorney that he would not be getting probation. A capias warrant was issued and Movant was taken into custody on March 12, 1998.

At the sentencing hearing, the court chastised Movant for his failure to appear at the original sentencing hearing and noted other adverse information in the presentencing report. The prosecutor offered evidence that Movant had a prior conviction of possessing a controlled substance. The court found Movant to be a prior drug offender and imposed concurrent sentences of fifteen years for the drug charges and a consecutive sentence of five years for the charge of carrying a concealed weapon.

Movant timely filed his Rule 24.035 motion alleging, *inter alia,* that Rule

24.02(d)4 [1] required the sentencing court to give him an opportunity to withdraw his plea when it decided not to honor the State's recommendation of seven years. The motion court found that based on its review of the transcript that Movant had entered a "blind" plea and that there was no plea agreement. The court pointed out that Movant had agreed he would not have the right to withdraw his plea if the sentencing court decided not to grant probation even if that was the recommendation of the presentence investigation. The court also noted that both the court and the prosecutor had warned Movant of the consequences if he failed to appear for sentencing and Movant agreed to them.

■ Our review of the motion court's findings and conclusions entered upon a Rule 24.035 motion is limited to a determination of whether it is clearly erroneous. *Barry v. State*, 850 S.W.2d 348, 350 (Mo. banc 1993). The findings and conclusions are clearly erroneous when a review of the entire record leaves this court with a definite and firm impression that a mistake was made. *Id.*

■ Movant urges that the record reflects a plea agreement for a term of seven years. The State concedes that the trial court's conclusion that there was no plea agreement is contradicted by the record. The State contends, however, that the record is ambiguous as to the terms of the plea agreement and proposes that we remand for an evidentiary hearing.

We find no ambiguity. The prosecutor clearly and unambiguously informed the court that the State was recommending a term of seven years in exchange for Movant's plea of guilty. Such an unequivocal statement by the prosecutor constitutes a "true plea agreement." *Simpson v. State,*

990 S.W.2d 693, 694–96 (Mo.App.1999). The sentencing court is not permitted to exceed the State's agreed upon recommendation without giving the defendant an opportunity to withdraw his plea. *Id.*

It is true, as the trial court observed in its findings, that Movant agreed, prior to acceptance of his plea, that he would not have any basis for withdrawing his plea if the sentencing court declined to give him probation even if that was recommended in the presentence investigation report. But Movant is not complaining about the court's failure to place him on probation. He is complaining about the sentencing court's imposition of a sentence exceeding the State's recommendation of seven years without giving him an opportunity to withdraw his plea.

■ It is also true that both the court and the prosecutor warned Movant of the consequences if he failed to appear. However, these consequences were only discussed with Movant *after* the court accepted his plea. A trial court or the prosecutor certainly may impose such conditions as part of the plea bargain as a condition of accepting the plea. *Harris v. State,* 766 S.W.2d 460 (Mo.App.1989). However, once the plea has been accepted, such conditions may not be imposed without giving the defendant an opportunity to withdraw his plea. *President v. State,* 925 S.W.2d 866, 868 (Mo.App.1996).

For the foregoing reasons, we reverse the judgment of the motion court and remand to the trial court. Upon remand, the trial court may either accept the plea agreement and sentence Movant in accordance with the State's recommendation of seven years or it may reject the agreement and offer Movant an opportunity to with-

---

1. Rule 24.02(d)4 provides: Rejection of a Plea Agreement. If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

draw his plea in accordance with Rule 24.02(d)4.

MARY RHODES RUSSELL, C.J., ROBERT E. CRIST, Sr. J., Concur.