**Nicholas COMSTOCK, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 59475.**

Missouri Court of Appeals,
Western District.

Submitted Sept. 7, 2001.

Decided Dec. 26, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 29, 2002.

Application for Transfer Denied March 19, 2002.

James Armin Rust, Lexington, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

Before THOMAS H. NEWTON, P.J., HAROLD L. LOWENSTEIN, and JAMES M. SMART, Jr., JJ.

JAMES M. SMART, JR., Judge.

Nicholas Comstock appeals the denial of his motion for post-conviction relief under Rule 24.035, contending that, pursuant to Rule 24.02, the plea court should have informed him that the court was rejecting the plea recommendation made pursuant to an agreement, and that his counsel was ineffective in failing to move to withdraw his plea.

Comstock was charged by information with two counts of statutory rape in the first degree. On January 7, 2000, Comstock entered into an agreement to plead guilty. In return for the guilty plea, the State agreed to recommend a seven-year sentence on each count, to run concurrent with each other and with a five-year sentence for appellant's probation violation. Comstock stated at his guilty plea and sentencing hearing, as well as in his guilty plea form, that he understood that the court was not bound by this recommendation.

Comstock appeared for sentencing on March 7, 2000. The court sentenced Comstock to seven years in the custody of the Department of Corrections on both counts, to run concurrently with one another, but consecutively to the five-year sentence imposed for a prior conviction. In his motion for post-conviction relief under Rule 24.035, Comstock alleged that plea counsel was ineffective for coercing Comstock to plead guilty by causing Comstock to believe he would receive concurrent sentences on all of the offenses. Comstock contended that plea counsel convinced him he would "receive a sentence of seven years in prison"; he states that if he had been "properly informed of the potential length of his sentence," he would not have pleaded guilty.

After an evidentiary hearing, the motion court entered judgment denying appellant's motion for post-conviction relief. Comstock filed a notice of appeal on December 29, 2000.

### Plea Hearing

At appellant's plea hearing, the following exchange occurred:

Q. [Counsel] And you also understand that there has been a plea agreement in this case, or a plea bargain; correct?

A. [Appellant] Yes.

Q. And do you understand that the Court doesn't have to follow that plea agreement, that it can make its own decision after your plea of guilty; correct?

A. Yes.

### Sentencing Hearing

At appellant's sentencing hearing, the following discussion occurred:

[The Court]: Okay. What's the state's recommendation?

[Prosecution]: I believe there are two concurrent seven-year sentences, and those are to run concurrently with the probation violation of five years in the other case.

[The Court]: Mr. Comstock, is that what you expected the prosecutor to recommend?

[Comstock]: Yes, sir.

[The Court]: Do you understand that's only a recommendation?

[Comstock]: Yes, sir.

[The Court]: Do you understand the Court could impose a sentence greater than or less than that proposed?

[Comstock]: Yes, sir.

[The Court]: Do you understand that if the Court does not follow that recommendation, you would not be allowed to withdraw your plea of guilty?

[Comstock]: Yes, sir.

### Guilty Plea Form

Appellant's guilty plea form, which was signed by appellant, asked Comstock several questions, including:

12. Do you understand that on a plea of guilty the Court assesses the punishment?

\* \* \*

16. Are you satisfied by the advice given by your attorney?

17. Are you completely satisfied in every respect with the manner in which your attorney has represented you?

\* \* \*

20. Has there been any plea bargaining in this case?

\* \* \*

22. Do you understand that the Court does not have to accept or honor the "plea-bargain" in this case; and, the Court may assess a punishment greater or less than the "plea bargain" agreement?

23. Do you understand that the "plea-bargaining" in this case is only a recommendation to the Court; and, that you do not have a right to withdraw your guilty plea and have a trial by jury?

\* \* \*

Comstock answered "yes" to each of the above questions.

### Comstock's Testimony at Hearing

At the evidentiary hearing, Comstock testified as follows:

Q. [The State]: Mr. Comstock, Mr. Wilkinson advised you that the Judge did not have to honor the plea offer, is that correct?

A. [Comstock]: Yes, he did.

Q. And you were aware of that when you went in there, is that right?

A. Yes.

Q. And you were aware of that at the time the Judge was about to pronounce sentencing, as well, is that right?

A. That's right.

Q. And the Judge went through it with you and told you that if he would sentence you above or below, you would not be allowed to withdraw your plea; and notwithstanding that, you went ahead and entered a plea; correct?

A. That's right.

Q. And the Judge went through it with you and told you that if he would sentence you above or below, you would not be allowed to withdraw your plea; and notwithstanding that, you went ahead and entered a plea; correct?

A. Correct.

### Counsel's Testimony at Hearing

At the evidentiary hearing, trial defense counsel stated:

... I always verbally advise my clients that the Judge does not have the requirement to follow the plea, that he can deviate from the plea, either giving more time or less time, depending upon what

the Judge sees, but this is just a recommendation as to what the State thinks should happen in this case.

Comstock's "Point Relied On" reads as follows:

That the trial court erred in denying Appellant's Motion under Rule 24.035 in that he had ineffective assistance of counsel because he pleaded guilty believing he would receive a sentence of seven years concurrent on two counts of statutory rape also concurrent with the five year sentence on property damage and his trial counsel did not move to withdraw his plea of guilty when the Court failed to follow the plea agreement and because he was not given the opportunity to withdraw his plea of guilty by the Court before the Court refused to follow the plea agreement and sentenced him to consecutive sentence on the statutory rape counts.

Comstock argues that under Rule 24.02, which sprang from *Schellert v. State*, 569 S.W.2d 735 (Mo. banc 1978) and interpreted in other decisions since the adoption of Rule 24.02, Comstock's rights were violated because Comstock had a right to know, before sentence was imposed, whether the court had rejected the "plea agreement." Comstock argues that counsel was ineffective in failing to move to withdraw the guilty plea once it was apparent that the court would not follow the recommendation of the prosecution.

## Standard of Review

■ Appellate review of the denial of post-conviction relief is limited to a determination of whether the findings and conclusions of the motion court were clearly erroneous. Supreme Court Rule 24.035; *Sams v. State*, 980 S.W.2d 294, 296 (Mo. banc 1998). Motion court findings are presumed correct, and are clearly erroneous only if the appellate court is left with a definite and firm impression that a mistake has been made. *Winegar v. State*, 967 S.W.2d 265, 267 (Mo.App.1998); *see also Cross v. State*, 928 S.W.2d 418, 419 (Mo. App.1996).

## Rule 24.02

Rule 24.02 states in pertinent part as follows:

4. *Rejection of a Plea Agreement.* If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

Paragraph 4 speaks of the court rejecting the "agreement" but does not specifically speak of the court rejecting the "recommendation" of the prosecution. Thus, it can be argued that the court in this case did not reject the "agreement" because the agreement was only for a "non-binding recommendation." [1]

---

1. In *Harrison v. State*, 903 S.W.2d 206 (Mo. App.1995), we stated that we understood *Schellert* to stand for the proposition that unless it is *clear* that the defendant understood the effect of the discussions with the prosecution as involving a mere non-binding recommendation, then it is plain error to deny defendant an opportunity to withdraw his plea when the court is going to reject the prosecution recommendation. In *Harrison*, it was abundantly clear that everyone understood because the prosecution, in that case, agreed to dismiss certain counts and to "make a non-binding recommendation for concurrent sentences." The prosecution did dismiss the counts in question. The prosecutor also re-

Comstock points to the language in Rule 24.02(4) which provides that if the court rejects the plea agreement, the court shall "inform the parties *of this fact.*" The fact which the parties are to be informed of is apparently the fact that the court does not intend to follow the "plea agreement." Comstock argues that Rule 24.02 was intended, in all cases other than the case of a truly open plea to the court, where the prosecution has made no concessions, to remove all surprises from the sentencing process. Comstock points to *Hattemar v. State,* 654 S.W.2d 652 (Mo.App. E.D.1983) and *State v. Simpson,* 836 S.W.2d 75 (Mo. App.1992) as cases supporting his interpretation of Rule 24.02.

The State argues in response to Comstock's argument only that the record shows that Comstock knew that he was, in effect, pleading open, with only a nonbinding recommendation from the prosecution. The State fails to analyze the issue of whether Rule 24.02, and the cases cited by Comstock, dictate that we must presume prejudice and a violation of the defendant's rights when the court goes outside the terms of the prosecution recommendation without first informing the defendant that the court will *not* follow the recommendation and allowing the defendant an opportunity to withdraw the plea.

The State also fails to point out, but we have nevertheless noted, that the point raised on appeal was not raised in the Rule 24.035 motion. The original motion and amended motion say nothing about the court violating Rule 24.02, and about counsel being ineffective for failing to move to withdraw the plea. The Rule 24.035 motion is strictly about Comstock being misled and coerced into pleading guilty because of counsel's ineffectiveness and Comstock's expectations. While con-

fusion about a plea agreement may in some cases be related to a Rule 24.02 violation, the two concepts are not the same thing. Accordingly, we conclude Comstock has not preserved his point for appeal. We decline plain error review because we agree with the State that the record makes clear that Comstock understood very well that the State's recommendation was not binding on the trial court. The motion court did not clearly err in denying the motion as pleaded.

The judgment denying relief under Rule 24.035 is affirmed.

LOWENSTEIN and NEWTON, JJ., concur.

---

ferred to the recommendation again as a "non-binding recommendation." The court

also made sure that the defendant understood what was meant by the term "non-binding."