**Michael DENNIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 61681.**

Missouri Court of Appeals,
Western District.

June 30, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 2, 2003.

Application for Transfer Denied
Oct. 28, 2003.

Vanessa Caleb, Appellate Defender, Kansas City, MO, arguing on behalf of Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., for Respondent.

Nicole E. Gorovsky, Asst. Attorney General, Jefferson City, MO, arguing on behalf of Respondent.

Before RONALD R. HOLLIGER, P.J., PAUL M. SPINDEN, and JAMES M. SMART, JR., JJ.

JAMES M. SMART, JR., Judge.

Michael Dennis appeals the denial of his motion filed under Rule 24.035 for post-conviction relief. He contends that he was not adequately informed that he would not be able to withdraw his plea of guilty if the court chose not to follow the prosecution's recommendation, and that, accordingly, his plea was involuntary. We reverse the judgment denying his motion and remand the case to the trial court to allow the defendant to withdraw his guilty plea.

## Statement of Facts

On February 19, 2001, Michael C. Dennis was arrested and charged with possession of a controlled substance with intent to distribute, deliver or sell under section 195.211, RSMo 2000. Dennis was charged as a prior offender under section 558.016.

Dennis pleaded guilty in exchange for the prosecutor recommending a ten-year sentence and not charging him as a prior offender. The court accepted the plea and sentenced Dennis to fifteen years incarceration. Dennis subsequently filed a Rule 24.035 motion, claiming that his constitutional right to due process had been violated because the prosecutor's recommendation was not followed and yet he was precluded from withdrawing his plea. The motion court denied the motion without a hearing. Dennis now appeals.

## Analysis

■■■ Appellate review of a motion court's decision in a 24.035 action is limited to "a determination of whether the findings and conclusions of the trial court are clearly erroneous." *Rule 24.035(k)*. "Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Knese v. State,* 85 S.W.3d 628, 631 (Mo. banc 2002).

■■ Dennis argues that the motion court erred in denying his 24.035 motion because the trial court failed to inform Dennis that if the court failed to follow the State's recommended sentence, then Dennis would not be allowed to withdraw his plea. Dennis claims that because of the court's failure to inform him that the plea could not be withdrawn, his plea was unknowingly made, in violation of his right to due process. A guilty plea must be knowingly and voluntarily made. *State v. Taylor,* 929 S.W.2d 209, 217 (Mo. banc 1996); *see also Boykin v. Alabama,* 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

When Dennis entered his plea of guilty, he completed and filed with the court a "Petition to Enter Guilty Plea." In the petition, Dennis indicated he understood that the range of punishment for the crime was five to fifteen years of incarceration. The petition stated that the prosecutor agreed to make a recommendation for a ten-year sentence. The petition also contained the following paragraph:

If anyone else has made any promises or suggestions, except as noted in the previous sentences, I know that he had no authority to do it. I know that the sentence I will receive is solely a matter within the control of the Judge. I also understand that the Court is not bound by a plea bargain between the Prosecuting Attorney and the Defendant. *If af-*

*ter I enter my plea, the Court decides that he will not abide by the agreement, he must then clearly advise me of my rights to withdraw my plea.*

(Emphasis added.)

During the plea hearing, the trial court accepted the plea with the following exchange:

Court: Okay. [Prosecutor], he has been charged as a prior and persistent offender?

State: We're not going to prove the defendant up. That is part of the plea disposition in this case, to show no status of this defendant that he would be enhanced, that the range of punishment would not be enhanced, it would merely be 5 to 15 years. We are not proving up the additional allegations contained in the indictment.

Court: Okay. The indictment alleges the range of punishment to be 5 to 30, so instead it is going to be 5 to 15?

State: That's correct.

Q: Do you understand that to be the range of punishment, sir, 5 to 15 years in the Department of Corrections?

Dennis: On a B felony?

Q: Yes.

Dennis: Yes.

Q: But they're not trying to show that you're a prior and persistent offender?

Dennis: Right.

Q: You've heard what the State has said the evidence would be. Do you agree that is what the evidence would be?

Dennis: Yeah.

Q: And you understand the range of punishment?

Dennis: Yes, sir.

Q: Does the State have a recommendation? Is this an agreement or not an agreement?

State: We anticipate that they will be asking for a presentence investigation and will be making argument at the time of sentencing, but the State has agreed to recommend no more than ten years in the Department of Corrections for this offense.

[Defense Attorney]: That is our belief. Is that right, Michael?

Dennis: Yes.

Court: But you understand this is an open plea?

[Def. Atty]: I understand that, Your Honor.

Court: Which means he could receive 15?

[Def. Atty]: I understand, You Honor.

Court: Do you understand that, sir?

Dennis: Yes, sir.

Court: I mean, right now you have the opportunity to take the guaranteed ten, whereas the presentence investigation comes back and it's unfavorable, you might get 15?

[Def. Atty]: Or probation, Your Honor, as well.

Court: Or probation. But I want to make sure he understands the risk. Do you understand that?

Dennis: Yes, sir.

Dennis was not asked whether he understood that if the court decided to impose a sentence higher than the recommended ten years, he would not be allowed to withdraw his plea.

The Missouri Supreme Court held in *Schellert v. State:*

If plea bargaining is to fulfill its intended purpose, it must be conducted fairly on both sides and the results must not disappoint the reasonable expectations of either. Though the court is not bound by the plea bargain between the prosecutor and/or his attorney, if the

court does not intend to follow the prosecutor's recommendation, the defendant should have the privilege of withdrawing his plea. He should not be entrapped.

569 S.W.2d 735, 739 (Mo. banc 1978). There is a difference between a true plea agreement and an agreement for the prosecution to make a "non-binding recommendation." *Harrison v. State,* 903 S.W.2d 206, 208 (Mo.App.1995). Where there is an agreement for a non-binding recommendation, the defendant has not negotiated a true sentence concession, because the court can still do whatever it chooses within the lawful range of punishment. *Id.* The defendant leaves the decision of the actual sentence to the discretion of the court, and the defendant *does not* retain the right to withdraw the plea. Agreements for non-binding recommendations are outside the scope of *Schellert. Id.*

Here, the prosecution and the court understood there was an agreement for the prosecutor to make a non-binding recommendation. The prosecution and the court both believed that Dennis agreed to plead guilty in exchange for the prosecutor to *recommend* a sentence of ten years, with the court having the power to impose a sentence of up to fifteen years without having to let Dennis withdraw his plea. Dennis' attorney also may have understood that. What is at issue is whether there is reason to believe that Dennis did.

■ When there is an agreement for a non-binding recommendation, the court is free to reject the recommendation without allowing the defendant to withdraw the plea, so long as it is *clear* that the defendant understood the nature of the agreement as an agreement for a non-binding recommendation. *Id.; see also McMahon v. State,* 569 S.W.2d 753 (Mo. banc 1978). In this case, the defendant argues that he did not understand that this was merely an agreement for a non-binding recommendation.

The evidence as to what Dennis understood is somewhat contradictory. The language in the plea petition states: "I also understand that the Court is not bound by a plea bargain between the Prosecuting Attorney and the Defendant. *If after I enter my plea, the Court decides that he will not abide by the agreement, he must then clearly advise me of my rights to withdraw my plea.*" (Emphasis added.)

The State argues that the plea here was like the plea in *Harrison,* 903 S.W.2d 206. In that case, which also involved an agreement for a non-binding recommendation, it was clear that everyone understood that, even if the court did not follow the recommendation, the defendant would not be permitted to withdraw his plea. *Id.* at 208. The court specifically advised the defendant she could not withdraw her plea. *Id.* There was no plea petition stating otherwise.

Here, the plea petition language contradicts the State's version of the nature of this agreement. Under the State's version, the only constraint faced by the court in sentencing is that of sentencing the defendant within the statutory range. Thus, the nature of this "agreement" is such that the defendant would never be able to withdraw his plea. Accordingly, any discussion in the plea petition about the defendant being able to withdraw his plea is misleading nonsense.

■ In cases involving an agreement for a non-binding recommendation, the plea court should advise the defendant that he will *not* be allowed to withdraw his plea if the court deviates from the recommended sentence. This was done, for instance, in *Harrison,* 903 S.W.2d at 210, and *Comstock v. State,* 68 S.W.3d 561, 563 (Mo.App. 2001). It was not done by the plea court in *State v. Thomas,* 96 S.W.3d 834, 843

(Mo.App.2002), and the court there found that the defendant did not have a full understanding of the nature of the agreement (even though the pre-printed plea petition in that case accurately stated that he would *not* be able to withdraw his plea). It is essential to due process and justice that a defendant understand the true nature of the agreement before his plea is accepted by the court. *State v. Taylor*, 929 S.W.2d at 217; *see also Boykin v. Alabama*, 395 U.S. at 244, 89 S.Ct. 1709. Here, the defendant was not only not apprised of the fact that he would not be allowed to withdraw his plea, but the plea petition, in contrast, stated he *would* be afforded the right to withdraw his plea. When the court entered its sentence, the defendant protested. The court cut Dennis off and did not allow Dennis to articulate his protests, but instead advised Dennis to file a Rule 24.035 motion. Dennis quickly filed a Rule 24.035 motion, claiming error in that he was not allowed to withdraw his plea.

Although the dialogue with the court at the time of the plea shows that Dennis should have understood, and probably did understand, that he could receive a sentence of up to fifteen years after the pre-sentence report, what is not clear is whether he understood he could not withdraw his plea if the court decided to give him more than ten years. It is plausible that Dennis thought he had nothing to lose by requesting the pre-sentence report rather than take an "automatic" ten years, because if the report were favorable, he might get less than ten. If he got more than ten, he would always be able to withdraw his plea if he wished. The plea petition states that if the Court decides not to "abide by the agreement," the Court must clearly advise Dennis of his right to withdraw his plea. Such language likely created an expectation that Dennis would be allowed to withdraw his plea if the

Court sentenced him to a period of greater than ten years. Such an expectation, in view of the fact that he was never advised prior to the announcement of sentence that he could *not* withdraw his plea, cannot be called unreasonable. The fact that Dennis immediately began to protest his sentence, but was cut off by the court and was not allowed to speak, tends to show the likelihood that Dennis did *not* understand that he could not withdraw his plea. *See Thomas*, 96 S.W.3d at 843. Accordingly, we conclude that the ruling of the motion court was clearly erroneous.

### Conclusion

In some plea agreements, the defendant must be allowed to withdraw the plea in the event the court exceeds the recommendation. *Schellert*, 569 S.W.2d at 739. In others, the defendant cannot. *Harrison*, 903 S.W.2d at 208. With plea agreements that sound so much alike, yet are very different, great care must be exercised to make sure the defendant is not misled. Generally, such care will require that the defendant be told clearly and specifically whether he *will* or *will not* be able to withdraw the plea of guilty if the court exceeds the recommendation. *Thomas*, 96 S.W.3d at 843. The defendant should be properly informed both in the pre-printed plea petition and orally by the court. *Id.*

We reverse the court's denial of the motion under Rule 24.035. The case is remanded to the trial court to permit the defendant to withdraw the plea of guilty if he still chooses to do so.

HOLLIGER and SPINDEN, JJ., concur.