Lynn J. TRAMMELL, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 69084.

Missouri Court of Appeals,
Western District.

March 10, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 28, 2009.

Application for Transfer Denied
June 30, 2009.

Margaret M. Johnston, Columbia, MO, for appellant.

Shaun J. Mackelprang, Robert Bartholomew, Jefferson City, MO, for respondent.

Before DIV II: DANDURAND[1], P.J., LOWENSTEIN and SMART, JJ.

HAROLD L. LOWENSTEIN, Judge.

Lynn Trammell appeals from the trial court's denial of his Rule 24.035 motion to vacate, set aside, or correct the judgment or sentence. Trammell pled guilty and was convicted for resisting arrest, section 575.150.[2] Trammell contends that the trial court erred in denying his Rule 24.035 motion because the court failed to advise him that he would not be permitted to withdraw his guilty plea if the court decided not to follow the State's recommendation, and, therefore, his plea was unknowingly made in violation of his right to due process. The trial court's denial of Trammell's Rule 24.035 motion was error.

## I. FACTS

Trammell was charged with possession of a controlled substance, section 195.202, and resisting arrest, section 575.150. A hearing was held on December 6, 2005, whereupon Trammell appeared before the trial court to enter a plea on both counts. The State recommended a three year sentence on the possession of a controlled substance charge to be served concurrently with a three year sentence on the resisting arrest charge. Additionally, the State recommended that Trammell serve the aforementioned sentences concurrently with a sentence he was already serving for an unrelated offense. The court asked Trammell if he understood that the State's recommendation was merely that, and if the court decided to accept his guilty plea on the two charges it could impose the maximum sentence of seven years for possession of a controlled substance and four years for resisting arrest. Trammell stated that he understood. Further, the court asked Trammell if he understood that the court could ignore the State's recommendation and sentence him to eleven years total on both charges if it decided to run the sentences consecutively, and the eleven year sentence could be "on top of" the sentence Trammell was serving for the unrelated offense. Trammell stated that he understood.

Eventually, the court asked Trammell if he felt he was treated fairly by law enforcement. Trammell responded that he was not. Trammell admitted to "outrunning the law" but denied that he knew the controlled substance was present in the car he was driving. Trammell stated that

---

1. Judge Dandurand was a member of this court at the time the case was submitted, but has since resigned.

2. All statutory references are to RSMo (2000), unless otherwise indicated.

he was only pleading guilty to the possession of a controlled substance charge to "get this over with." As a result, the court stated that it could not accept Trammell's guilty plea on the possession charge. After a lengthy discussion of the facts underlying the offense, the State dismissed the possession charge. The State recommended a three year sentence for resisting arrest to run concurrently with the sentence Trammell was serving for the unrelated offense. Before accepting Trammell's guilty plea, the court stated:

> You understand that if the Court accepts your plea here today this will forever and finally determine your guilt to this felony offense and you cannot come back later if you decide it was an unwise decision and withdraw your plea?

Trammell stated that he understood. The court reiterated, "[O]nce again, you understand that the Court doesn't have to go along with either the three years or the recommendation for a concurrent sentence." Trammell stated that he understood and still desired to plead guilty. The court accepted Trammell's guilty plea and immediately moved to sentencing. The court followed the State's recommendation in sentencing Trammell to three years for resisting arrest but deviated from the recommendation by running the sentence consecutive to the sentence Trammell was already serving for the unrelated offense.

Trammell filed a pro se motion for post conviction relief pursuant to Rule 24.035. Appointed counsel filed an amended motion, and an evidentiary hearing was held. In October 2007, the trial court overruled Trammell's motion. Trammell appeals.

## II. Standard of Review

This court's review of the trial court's action on a motion filed under Rule 24.035 shall be limited to a determination of whether the findings and conclusions of law are clearly erroneous. Rule 24.035(k). The motion court's findings and conclusions are clearly erroneous only where the appellate court is left with a definite and firm impression that a mistake has been made. *Harper v. State*, 256 S.W.3d 220, 222 (Mo.App.2008) (citing *Day v. State*, 143 S.W.3d 690, 692 (Mo.App.2004)).

## III. Discussion

Trammell's sole point on appeal alleges that the trial court erred in denying his Rule 24.035 motion because the court failed to advise him that if he pled guilty and the court decided not to follow the State's recommendation, he would not be permitted to withdraw his plea. Trammell claims that because of the court's failure to inform him that his plea could not be withdrawn if the court deviated from the State's recommendation, his plea was unknowingly made and, therefore, in violation of his right to due process.

The issue before this court is whether the trial court used proper procedure when it accepted Trammell's guilty plea but deviated from the State's "non-binding recommendation." This court has explained the distinction between a true plea agreement and a non-binding recommendation. "Where there is an agreement for a non-binding recommendation, the defendant has not negotiated a true sentence concession, because the court can still do whatever it chooses within the lawful range of punishment." *Dennis v. State*, 116 S.W.3d 552, 555 (Mo.App.2003) (citing *Harrison v. State*, 903 S.W.2d 206, 208 (Mo.App.1995)). In cases where there is a non-binding recommendation, "[t]he defendant leaves the decision of the actual sentence to the discretion of the court, and the defendant *does not* retain the right to withdraw the plea." *Id.* However, the court can reject the recommendation with-

out allowing the defendant to withdraw the plea only if it is clear that the defendant understood the nature of the agreement as a non-binding recommendation. *Id.* "In cases involving an agreement for a non-binding recommendation, the plea court should advise the defendant that he will *not* be allowed to withdraw his plea if the court deviates from the recommended sentence." *Id.*

Rule 24.02(d) codifies plea agreement procedure. Rules 24.02(d)1(B) and Rule 24.02(d)2 specifically address plea agreement procedure with respect to non-binding recommendations:

> The prosecuting attorney and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty to a charged offense or to a lesser or related offense, the prosecuting attorney will ... [m]ake a recommendation, or agree not to oppose the defendant's request, for a particular disposition, with the understanding that such recommendation or request shall not be binding on the court ...

Rule 24.02(d)1(B).

> If the agreement is pursuant to Rule 24.02(d)1(B), the court shall advise the defendant that the plea cannot be withdrawn if the court does not adopt the recommendation or request. Thereupon the court may accept or reject the agreement or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report.

Rule 24.02(d)2. Essentially, Rules 24.02(d)1(B) and 24.02(d)2 embody the law set forth by this court in *Dennis* and other cases on non-binding recommendations. To summarize, under to Rule 24.02(d)1(B), the defendant may agree to plead guilty in exchange for the prosecutor's recommen-dation, with the understanding that the recommendation shall not be binding on the court. However, under Rule 24.02(d)2, the court must first advise the defendant that if he pleads guilty, the court may reject the prosecutor's recommendation and the guilty plea cannot be withdrawn.

■■■ According to *Dennis,* "great care must be exercised to make sure the defendant is not misled. Generally, such care will require that the defendant be told *clearly* and *specifically* whether he will or will not be able to withdraw the plea of guilty if the court exceeds the recommendation." 116 S.W.3d at 556 (citing *State v. Thomas,* 96 S.W.3d 834, 843 (Mo.App.2002) (emphasis added)). Consequently, in order to provide a knowing and voluntary guilty plea in exchange for the State's non-binding recommendation, the defendant must be told and understand: (1) the court does not have to follow the State's recommendation; and (2) the defendant may not withdraw his guilty plea if the court decides not to follow the State's recommendation. Rule 24.02(d)1(B); Rule 24.02(d)2.

■■ Here, *Trammell does not contest whether he understood that the court did not have to follow the State's recommendation.* The court specifically stated, "[Y]ou understand that the Court doesn't have to go along with either the three years or the recommendation for a concurrent sentence." Trammell stated that he understood and still desired to plead guilty. It is clear that Trammell understood that the court did not have to follow the State's recommendation. However, *Trammell does contend that he did not understand that he would not be permitted to withdraw his guilty plea if the court rejected the State's recommendation.* The State asserts that Trammell understood, and was properly advised, that his guilty plea could not be withdrawn if the court accepted the plea and deviated from the State's

recommendation. In support, the State points to an inquiry made by the trial court:

> COURT: You understand that if the Court accepts your plea here today this will forever and finally determine your guilt to this felony offense and you cannot come back later if you decide it was an unwise decision and withdraw your plea?
>
> TRAMMELL: Yes, sir.

Trammell asserts that the court's question does not clearly and specifically indicate, as mandated by *Dennis* and Rule 24.02(d)(2), that he would not be permitted to withdraw his guilty plea if the court decided to deviate from the State's recommendation. Trammell claims that the court failed to advise him properly, and therefore, his guilty plea was unknowingly made in violation of his right to due process. The State argues that the court's inquiry sufficiently advised Trammell that his guilty plea could not be withdrawn under *any circumstances,* irrespective of whether the court decided to deviate from the recommendation. If Trammell understood that the court could exceed the State's recommendation if he pled guilty and, furthermore, understood that he could not withdraw his plea under *any circumstances,* then Trammell necessarily understood that if the court deviated from the State's recommendation he would not be allowed to withdraw his guilty plea. As a result, his plea was made knowingly and voluntarily.

This court agrees with Trammell. In *Dennis,* the court never asked the defendant whether he understood that if the court decided to impose a higher sentence than the recommendation, he would not be allowed to withdraw his plea. 116 S.W.3d at 554. Here, the court asked Trammell whether he understood that his guilty plea, once accepted, could not be withdrawn.

However, there is no precedent to support the State's contention that such a blanket inquiry, where the court informs the defendant that he cannot withdraw his plea under *any circumstances,* is a permissible alternative to the requirement that the court clearly and specifically advise the defendant, prior to accepting a guilty plea under a non-binding recommendation, whether he *will* or *will not* be able to withdraw his plea if the court exceeds the recommendation. *Id.* at 556 (citing *Thomas,* 96 S.W.3d at 843). The trial court never clearly and specifically advised Trammell that his guilty plea could not be withdrawn if the court decided to deviate from the State's recommendation. Although such a strict requirement may seem formalistic, "great care must be exercised to make sure the defendant is not misled." *Id.* Prior case law and Rule 24.02(d)(2) dictate that "[i]n cases involving an agreement for a non-binding recommendation, the plea court should advise the defendant that he will not be allowed to withdraw his plea if the court deviates from the recommended sentence." *Id.* at 555. A guilty plea must be knowingly and voluntarily made. *State v. Taylor,* 929 S.W.2d 209, 217 (Mo. banc 1996). Accordingly, the trial court erred in denying Trammell's Rule 24.035 motion for failing to specifically advise him that he would not be permitted to withdraw his guilty plea if the court decided not to follow the State's recommendation.

## IV. CONCLUSION

The trial court's denial of Trammell's Rule 24.035 motion is reversed. The case is remanded to the trial court to permit the defendant to withdraw the guilty plea.

All Concur.