Clarence DODSON, Appellant,

v.

**STATE of Missouri, Respondent.**

**No. WD 73680.**

Missouri Court of Appeals,
Western District.

April 24, 2012.

Matthew Ward, Assistant Public Defender, Columbia, MO, for Appellant.

Chris Koster, Attorney General, John M. Reeves, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before Division Two: VICTOR C. HOWARD, Presiding Judge, and MARK D. PFEIFFER and KAREN KING MITCHELL, Judges.

KAREN KING MITCHELL, Judge.

Clarence Dodson appeals the denial of his Rule 24.035 motion for post-conviction relief, seeking to vacate his conviction of felony non-support. Dodson argues that his plea was involuntary in that the court failed to comply with Rule 24.02 by failing to inform him that if he did not receive probation, he would not be allowed to withdraw his guilty plea. We reverse and remand.

### Factual Background

Dodson was charged by information with the class D felony of criminal non-support for failing to provide, without good cause, adequate support for his minor child, M.W., in that Dodson knowingly failed to provide support for M.W. in each of six individual months within June 1, 2008, through May 31, 2009.

On January 11, 2010, Dodson appeared before the circuit court of Boone County to plead guilty to the charge. At the plea hearing, Dodson's counsel indicated that Dodson wished to withdraw his previous not-guilty plea and enter a guilty plea "pursuant to agreement with the State."

After discussing Dodson's mental state and his understanding of the rights attendant to a trial that he was giving up, the court asked for the State's recommendation regarding punishment. The State recommended "four and defer." Both plea counsel and Dodson agreed that they understood the State's recommendation.

The court clarified the State's recommendation with Dodson:

Q. Do you understand the State is recommending that I impose a sentence of four years?

A. Yes, sir.

Q. And do you understand they're not taking a position one way or the other as to whether you should serve that time?

A. Yes, sir.

Q. So do you understand that that decision is up to me?

A. Yes, [Y]our Honor.

Q. Has anyone promised you that you're going to get probation?

A. No, sir.

Thereafter, Dodson denied the existence of any promises or threats inducing his plea, and he acknowledged the truth of the charge of felony non-support.

On February 22, 2010, Dodson appeared for sentencing, where the State reiterated its recommendation of "four and defer." Plea counsel argued that Dodson should receive probation, but the court denied plea counsel's request and sentenced Dodson to four years in the Department of Corrections. Dodson expressed satisfaction with counsel, and counsel requested a one-week stay of execution of the sentence to allow Dodson to get his affairs in order. The court granted counsel's request and ordered Dodson to surrender himself to the local sheriff no later than 8:00 a.m. on March 1, 2010.

Three days later, on February 25, 2010, Dodson filed a motion seeking to withdraw his guilty plea on the following grounds: (1) actual innocence based upon a good-cause-for-failure-to-pay defense; (2) violation of the unspoken terms of the plea agreement (that Dodson would receive probation); (3) involuntariness of the plea based upon counsel's representation that Dodson would most likely receive probation; and (4) alleged factual inaccuracies in a letter written by the victim's mother and produced at sentencing. The court held a hearing on the motion the following day.

At the hearing on the motion, plea counsel indicated that the parties' true plea agreement was that Dodson would receive probation. She advised the court that probation was not an express term of the agreement because the court refused to accept agreements for probation. Counsel argued that the term "defer," when used with the court, was the State's "de facto . . . recommendation of probation." While not directly disputing plea counsel's assertion, the prosecutor advised the court that the agreement was always "four and defer," and his view of Dodson's motion was that Dodson was simply "unhappy with the Court's decision to not grant him probation." The prosecutor then indicated that

this plea agreement was made pursuant to Rule 24.02(d)1(B), . . . which states where the prosecutor would make a recommendation and agree not to oppose a defendant's request for a particular disposition, with the understanding that such recommendation or request shall not be binding on the Court.

That's exactly what's happened in this instance.

The rule further states that if the agreement is pursuant to Rule 24.02(d)1(B), the Court shall advise the defendant that the plea cannot be withdrawn if the court does not adopt the recommended—recommendation or request.

Again, that is exactly what happened in this case.

The court overruled Dodson's motion.

Dodson thereafter filed a *pro se* Rule 24.035 motion, arguing, in part, that he should have been allowed to withdraw his plea because the court violated the plea agreement by denying his request for probation. Appointed counsel filed an amended motion, alleging, in part, that Dodson

was denied his right to due process and a fair trial because the plea court failed to advise him, pursuant to Rule 24.02(d)2, that Dodson would not be allowed to withdraw his plea if the court chose not to grant him probation.

The motion court held an evidentiary hearing wherein Dodson testified that the court never advised him that he would be unable to withdraw his plea if the court did not grant him probation, and if the court had so advised him, Dodson would not have pled guilty, but would have insisted on trial. Dodson further indicated that he was "under the impression [the prosecutor] was going to recommend probation." Dodson testified that he did not understand what "four and defer" meant; his belief was that the prosecutor would recommend probation, but if the judge did not accept that recommendation, Dodson would have the option to withdraw his plea. Thereafter, the motion court denied Dodson's motion, finding that the plea agreement was not a non-binding plea agreement under Rule 24.02(d)1(B); thus, the court was under no obligation under Rule 24.02(d)2 to advise Dodson that he would not be allowed to withdraw his plea if the court chose not to grant him probation. Dodson appeals.

## Standard of Review

[R]eview of the denial of a post-conviction motion under Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made. Movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling.

*Cooper v. State*, 356 S.W.3d 148, 152 (Mo. banc 2011) (quoting *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009)).

## Analysis

In his only point on appeal, Dodson claims that the motion court clearly erred in denying him post-conviction relief in that his right to due process of law was violated when the plea court failed to advise him that he would be unable to withdraw his plea if the court chose not to grant him probation. The State argues that the plea agreement was a binding plea agreement,[1] and, therefore, the court was

---

1. The terms "binding" and "non-binding" in reference to plea agreements are somewhat confusing. "Binding" agreements are those where a court's departure from the terms of the agreement are presumed to affect the voluntariness of the defendant's plea. "Binding" agreements do not mean that a court must follow the terms of the agreement, for a plea court can always *reject* a plea agreement. However, if the defense and the State agree to terms under Rule 24.02(d)1(A), (C), or (D), they are essentially stipulating that a defendant is relying upon those terms in entering his plea. These agreements are considered "binding" because if the court departs from the terms, the defendant has a right to withdraw his plea under the assumption that he would not have pled guilty absent the agreed-upon terms. In contrast, a plea agreement under Rule 24.02(d)1(B), often referred to as a "non-binding" agreement, contemplates that the trial court may reject the agreement and impose different terms without affecting the voluntariness of the defendant's plea because the defendant is not permitted to rely on uncertain terms, such as those that remain open to the court's discretion at the time of sentencing. The purpose of advising a defendant that he is not permitted to withdraw a plea under a "non-binding" agreement is to ensure that his plea remains voluntary, regardless of the sentence he ultimately receives. Such agreements are thus "non-binding" on the court to the extent that the defendant will have no right to withdraw his plea, even if the court departs from the State's recommended sentence.

not obligated to advise Dodson that he would be unable to withdraw his plea in the event the court chose not to grant him probation. We disagree with the State's characterization of the plea agreement, and, thus, we reverse and remand.

Rule 24.02(d)1(B) allows the prosecutor and a criminal defendant to reach an agreement whereby the defendant pleads guilty to the charge, and in exchange, the prosecutor will either "[m]ake a recommendation, *or agree not to oppose the defendant's request,* for a particular disposition, with the understanding that such recommendation or request shall not be binding on the court[.]" (emphasis added). Where such an agreement is entered, Rule 24.02(d)2 provides that "[i]f the agreement is pursuant to Rule 24.02(d)1(B), the court *shall* advise the defendant that the plea cannot be withdrawn if the court does not adopt the recommendation or request." (emphasis added).

Here, the parties reached an agreement that if Dodson pled guilty, the State would recommend "four and defer," meaning that Dodson would be facing a four-year term of imprisonment unless the court opted to grant him probation and suspend execution of the sentence. While the "defer" aspect of the agreement is somewhat ambiguous, the State acknowledged at the hearing on Dodson's motion to withdraw his plea that "defer" meant that the State would take no position regarding Dodson's request for probation, but instead would defer to the court's judgment as to whether Dodson should receive probation.

■ Dodson claims that this agreement falls within the purview of Rule 24.02(d)1(B)—a claim that the State agreed with at the hearing on the motion to withdraw Dodson's plea—because of the court's discretion regarding the grant of probation. Because the plea court did not advise Dodson that he would be unable to withdraw his plea if the court chose not to grant him probation, he claims that his right to due process of law was violated. We agree.

While, as Dodson acknowledges, this agreement was not one where the State's recommended term of imprisonment was non-binding, this agreement was one where the State agreed not to oppose Dodson's request for probation; that is precisely what was meant by the term "defer"—the State would neither recommend *nor oppose* probation as a disposition.[2] And because this agreement involved the prosecutor not opposing Dodson's request, it came within the scope of Rule 24.02(d)1(B), as the prosecutor stated at the hearing on the motion to withdraw.

■ Both the motion court and the State on appeal claim that this was a binding plea agreement, and, therefore, the mandate of Rule 24.02(d)2 was inapplicable. We fail to see how an agreement can be considered binding where, as here, any aspect of the disposition remains open at the time of sentencing and the State agrees not to oppose the defendant's request but to defer to the court's determination on that request.

As the State points out, to decide Dodson's claim, we must "distinguish between a non-binding recommendation and a true plea agreement." In *Dennis v. State,* we

**2.** The State claims in its brief that Dodson acknowledged entering into a binding plea agreement, but Dodson did not say this. Rather, Dodson acknowledged that his case "did not involve a non-binding plea *recommendation.*" (emphasis added). Dodson maintains, however, that his case falls within the scope of Rule 24.02(d)2 because the prosecutor agreed not to oppose Dodson's request for probation. An agreement involving a non-binding plea recommendation and an agreement not to oppose a requested disposition are two different things, both of which require compliance with Rule 24.02(d)2.

held that "[w]here there is an agreement for a non-binding recommendation, the defendant has not negotiated a true sentence concession, because *the court can still do whatever it chooses* within the lawful range of punishment." 116 S.W.3d 552, 555 (Mo. App. W.D.2003) (emphasis added). Similarly, here, the court could do whatever it chose regarding the grant of probation, and the State agreed not to oppose Dodson's request therefor. Thus, the agreement fell within the scope of Rule 24.02(d)2.

The State argues that construing the agreement in this manner creates a hybrid binding/non-binding plea agreement, and Rule 24.02 does not allow for such a hybrid. We disagree. Our case law makes clear that if any term of the plea agreement is subject to Rule 24.02(d)1(B), the defendant must be advised in accordance with Rule 24.02(d)2. *See, e.g., Trammell v. State,* 284 S.W.3d 625, 628 (Mo.App. W.D. 2009); *Dennis,* 116 S.W.3d at 556; *and State v. Thomas,* 96 S.W.3d 834, 843–44 (Mo.App. W.D.2002).

█ Because we will uphold the judgment of the court below, if we can do so, on any ground, we will consider whether the plea court adequately advised Dodson that his plea could not be withdrawn if the court rejected his request for probation. Rule 24.02(d)2. Here, the transcript reflects that the court never advised Dodson in any manner concerning withdrawal of

his plea. "It is essential to due process and justice that a defendant understand the true nature of the agreement before his plea is accepted by the court." *Dennis,* 116 S.W.3d at 556.

Contrary to its argument on appeal, the State conceded at the hearing on the motion to withdraw the plea that the agreement was made pursuant to Rule 24.02(d)1(B), and, therefore, subject to the mandate of Rule 24.02(d)2.[3] Because the court failed to advise Dodson that he would be unable to withdraw his plea in the event that the court denied probation, Dodson's plea was unknowing and involuntary.[4]

Point granted.

## Conclusion

The motion court clearly erred in overruling Dodson's Rule 24.035 motion for post-conviction relief. Its decision is reversed and the case remanded for further proceedings consistent with this opinion.

VICTOR C. HOWARD, Presiding Judge, and MARK D. PFEIFFER, Judge, concur.

---

3. The State incorrectly asserted below that the court had complied with Rule 24.02(d)2.

4. Dodson asserts that if he had known that he would be unable to withdraw his plea if not granted probation, he would not have pled guilty, but would have insisted on trial. The motion court, finding that Dodson need not be so advised, made no finding regarding Dodson's claim of prejudice. The State argues that Dodson was not prejudiced because Dodson's receipt of probation was not part of the plea agreement, and, therefore, the State did not breach the agreement. But this argu-

ment misconstrues Dodson's claim. Dodson is not claiming a breach of the agreement; rather, he is claiming that his plea was unknowing and involuntary because he did not understand the ramifications of the "defer" aspect of the agreement. Dodson testified that he believed the agreement to be a binding agreement containing a term of probation and that he would be entitled to withdraw his plea if the court did not grant him probation. Had the court advised him as required by Rule 24.02(d)2, this confusion on Dodson's part could have been eliminated.