

# In the
# Missouri Court of Appeals
# Western District

| | |
|---|---|
| SHAWN C. HAYNES, | ) |
| | ) |
| Appellant, | ) WD82545 |
| | ) |
| v. | ) OPINION FILED: April 28, 2020 |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent. | ) |

**Appeal from the Circuit Court of Lafayette County, Missouri**
The Honorable Dennis A. Rolf, Judge

Before Division One:  Lisa White Hardwick, Presiding Judge, Cynthia L. Martin, Judge
and Thomas N. Chapman, Judge

Shawn Haynes ("Haynes") appeals from a judgment denying his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing.  Haynes argues that it was error to deny his motion without an evidentiary hearing because the record did not conclusively refute his claim that trial counsel was ineffective (1) for failing to prepare for trial and (2) for failing to advise Haynes of a viable defense.  Because the record conclusively refutes Haynes's claims of ineffective assistance of counsel, we affirm.

---

[1]All rule references are to *Missouri Court Rules, Volume I – State, 2018* as applicable at the time Haynes filed his Rule 24.035 motion, unless otherwise indicated.

## Factual and Procedural Background

On January 3, 2017, Haynes pleaded guilty to the class D felonies of driving while suspended or revoked and resisting a lawful stop.

During the plea hearing, Haynes answered affirmatively that he had plenty of time to discuss his case with trial counsel; Haynes had conveyed all the relevant facts and circumstances surrounding his case; trial counsel had explained the charges and reviewed the evidence to Haynes; trial counsel had done everything Haynes asked him to do; trial counsel had not done anything that Haynes had told him not to do; Haynes was happy with trial counsel's representation and advice; Haynes felt trial counsel had done a good job for him; Haynes understood that trial counsel would obtain medical records relating to a mental illness diagnosis for purposes of sentencing and not for purposes of showing that Haynes was not guilty by reason of mental disease or defect;[2] and Haynes was "happy" with continuing to enter his guilty pleas. Haynes also answered affirmatively that he understood by pleading guilty that he waived rights attendant to proceeding to trial. Prior to entering his guilty plea, Haynes made several statements acknowledging that he "made a conscious decision" to drive away from police, who were attempting to pull Haynes over, on the date of his offenses.

---

[2]When Haynes was initially asked if his attorney had done all that Haynes had asked him, Haynes expressed that his trial counsel had failed to obtain medical records that he thought would influence his decision to proceed to trial. Before proceeding with the plea hearing, the trial court granted Haynes further time to discuss his concerns with trial counsel and indicated that all proceedings would be continued to permit trial counsel to obtain the medical records, in addition to permitting Haynes to undergo a medical evaluation. Upon return from discussions with trial counsel, Haynes indicated his satisfaction with counsel's performance and that he only wished to use the medical records for sentencing purposes.

Haynes entered his plea of guilty and was eventually sentenced to six years imprisonment on each count, served concurrently. Haynes filed a timely *pro se* motion for post-conviction relief pursuant to Rule 24.035. Post-conviction counsel was appointed. A timely amended motion ("Amended Motion") was filed. The Amended Motion argued that Haynes's guilty pleas were entered involuntarily because (1) "counsel coerced [Haynes] into pleading guilty by failing to prepare for trial," and (2) "fail[ed] to adequately investigate the case against [Haynes] and fail[ed] to advise [Haynes] that he had a viable defense to the charge of D felony driving while license revoked."

The motion court entered a judgment ("Judgment"), which included findings of fact and conclusions of law, denying the Amended Motion without an evidentiary hearing. The motion court found that the claims raised in Haynes's Amended Motion were conclusively refuted by the record. This timely appeal followed.

**Standard of Review**

Our review of the denial of a post-conviction motion is limited to a determination of whether the motion court's findings of facts and conclusions of law are clearly erroneous. Rule 24.035(k). "The motion court's findings and conclusions are clearly erroneous only if, after a review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." *Dodson v. State*, 364 S.W.3d 773, 776 (Mo. App. W.D. 2012). "Movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling." *Id.*

3

**Analysis**

Haynes raises two points on appeal. Haynes's first point asserts that the motion court erred in denying his Amended Motion without an evidentiary hearing because the record does not conclusively refute his claim that trial counsel rendered ineffective assistance of counsel by failing to prepare for trial. Haynes's second point argues the motion court erred in denying his Amended Motion because the record does not conclusively refute his claim that counsel rendered ineffective assistance by failing to investigate and advise Haynes of a potential defense. We address each point in turn.

**Point One**

Haynes's first point argues that the motion court erred by denying without an evidentiary hearing his Amended Motion claim that he was "coerced" into pleading guilty when counsel failed "to show [Haynes] any signs or indications whatsoever that he was prepared to represent [Haynes] competently and effectively at trial" because the record did not conclusively refute the claim. We disagree.

To show that he was entitled to an evidentiary hearing on his Rule 24.035 motion, Haynes was required to establish that the Amended Motion "(1) . . . alleged facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the files and record of his case; and (3) the matters complained of resulted in prejudice to him." *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009). If the files and records conclusively show Haynes is entitled to no relief, then a hearing on his Amended Motion was not required. *Price v. State*, 974 S.W.2d 596, 599 (Mo. App. E.D. 1998); *see also* Rule 24.035(h).

4

Haynes's Amended Motion claim that he was "coerced" into pleading guilty because counsel was not prepared for trial did not warrant an evidentiary hearing because the claim was conclusory and is refuted by the record. A movant "can prevail on [a] claim of ineffective assistance of counsel if he shows that his counsel's representation fell below an objective standard of reasonableness and that, as a result, he was prejudiced." *Roberts*, 276 S.W.3d at 836; *see also Strickland v. Washington*, 466 U.S. 668 (1984). Haynes's claim of a coerced guilty plea thus required the assertion of facts that if true, would "show, but for the conduct of his [plea counsel] about which he complains, he would not have pleaded guilty but would have insisted on going to trial." *Id.* To plead a successful claim of ineffective assistance based on inadequate preparation for trial, a movant is required to allege "(1) what information his attorney failed to discover [in preparation]; (2) that reasonable . . . preparation would have resulted in discovery of such information; and (3) that the information would have aided or improved his position at trial." *Redeemer v. State*, 979 S.W.2d 565, 569 (Mo. App. W.D. 1998).

The Amended Motion lacks this specificity. Haynes's claim of a coerced guilty plea asserts that "[b]efore the plea, counsel coerced [Haynes] into pleading guilty by failing to prepare for trial, in that counsel failed [] to show [Haynes] any signs or indications whatsoever that [counsel] was prepared to represent [Haynes] competently and effectively at trial." And though the Amended Motion summarily alleges that trial counsel failed to undertake a variety of pre-trial tasks,[3] the Amended Motion fails to identify *any* specific

---

[3]Haynes's Amended Motion alleged that evidence adduced during an evidentiary hearing would show that counsel failed to "review discovery in a detailed manner and take any notes, perform any investigation, take any depositions himself, do any research, visit the crime scene, request any records, assign any trial preparation tasks to

5

information that trial counsel should or would have discovered in the performance of these tasks, or how that undiscovered information would have aided or improved Haynes's position at trial. The motion court did not clearly err in denying the first claim in the Amended Motion without an evidentiary hearing. *See Redeemer*, 979 S.W.2d at 570 (holding that no hearing was required where movant's claim "never alleged what information his attorney failed to discover, that a reasonable investigation or preparation would have resulted in discovery of such information, or that the information would have aided or improved [movant's] position at trial such that he would have spurned the plea agreement and gone to trial instead"); *see also Price v. State*, 974 S.W.2d 596, 598-99 (Mo. App. E.D. 1998) (holding that no evidentiary hearing was warranted where Movant did "not allege any facts about what his attorney should have discovered or how that would have provided a defense for him").

Even if we could construe the Amended Motion to have asserted facts, not conclusions, that would warrant relief if proven true (which we cannot), the record of Haynes's plea hearing conclusively refutes his present contention that he was coerced to plead guilty because he believed counsel was ill prepared for trial. During the plea hearing, Haynes expressly stated he was satisfied with counsel's performance and that he believed that trial counsel had done a good job for him, as provided,

Court: You're represented here today by [trial counsel]?

---

any support staff, develop any theme of the case (or story to be portrayed to the jury), develop a witness list, endorse any witnesses, develop any legal defense, prepare any direct and/or cross-examinations, evaluate whether he needed to file any pretrial motions, write any pretrial motions, file any pretrial motions, prepare voir dire, prepare any exhibits, prepare witnesses for testimony, discuss with any lay witnesses about how to dress for and act in court, discuss with Movant his right to testify, prepare Movant for potential testimony, gather street clothes for Movant to wear at trial, arrange for Movant to get a haircut before trial, discuss with Movant how to act in court, review and prepare instructions, prepare an opening statement, or prepare a closing argument."

6

Haynes:  Yes, sir.

Court:  Have you had plenty of time to discuss your case with him?

Haynes:  Yes, sir.

Court:  Have you told him all the facts and circumstances surrounding your case?

Haynes: Yes, sir.

Court:  Has he explained the charges to you and gone over the evidence with you?

Haynes:  Yes sir.

Court:  Has he done everything you've asked him to do?

Haynes: Yes, sir.

Court:  Did he do anything you told him not to do?

Haynes: No, sir.

Court:  Are you happy with his representation and advice?

Haynes: Yes, sir.

Court:  And you feel he's done a good job for you?

Haynes: Yes, sir.

Court: Now, earlier we had some argument, or not argument, that wasn't a good word to use, we had some discussion –

Haynes: Yes, sir.

Court: -- about some medical records.  Now, you understand that he's trying to get some medical records that he wants to use for purposes of sentencing --

Haynes: Yes, sir.

7

Court: -- and that's what you're wanting him to do?

Haynes: Yes, sir.

Court: Were you seeking him to get those records to use to show that you were not guilty by reason of mental disease or defect?

Haynes: No, sir.

Court: Okay. So you didn't expect him to have those records now or for trial. You just want him to have those for me to have a chance to view and for maybe the probation officer to see --

Haynes: Yes, sir.

Court: -- in the event of sentencing?

Haynes: Yes, sir, correct.

Court: Okay. So you're happy with where we're at right now --

Haynes:  Yes, sir, I am.

Court: -- and want to proceed on; is that right?

Haynes: Correct.

Haynes then entered his guilty pleas.  The record conclusively refutes Haynes's claim that he was coerced into pleading guilty because he thought that counsel was unprepared for trial.  *See Redeemer*, 978 S.W.2d at 571; *Hamilton v. State*, 865 S.W.2d 374, 376 (Mo. App. E.D. 1993) ("Defendant's testimony he was satisfied with his attorney and she had done everything he had asked her to do prohibits [defendant's] later claim to the contrary."); *Eberspacher v. State*, 915 S.W.2d 384, 386 (Mo. App. W.D. 1996) (holding that "[a] defendant who repeatedly assures the court at his guilty plea and sentencing hearings that he is satisfied with his counsel's performance is barred from obtaining post-conviction

8

relief on ineffective assistance of counsel."); *Morrison v. State*, 65 S.W.3d 561, 565 (Mo. App. W.D. 2002) (holding that movant's claim that guilty plea was involuntary because of counsel's alleged lack of preparation may be refuted by the plea colloquy record when the movant is aware of counsel's alleged failure yet nonetheless expresses satisfaction with counsel's performance).[4]

The motion court did not clearly err by finding that Haynes's claim of coerced guilty pleas was not entitled to an evidentiary hearing because it was conclusively refuted by the record.

Point One is denied.

---

[4]Haynes argues that the record does not conclusively refute his claim because "Haynes did not repeatedly state he was satisfied with his counsel's performance. Further, the [trial] court did not ask Haynes if any defenses were discussed or if he was confident his attorney was prepared for trial." Haynes relies on *State v. Driver*, 912 S.W.2d 52 (Mo. banc 1995) for the proposition that a movant's general responses relating to movant's satisfaction with trial counsel's performance are not necessarily sufficient to deny an evidentiary hearing. *Driver* is distinguishable.

*Driver* involved a denial of an evidentiary hearing arising from a Rule 29.15 Amended Motion. *Driver*, 912 S.W.2d at 54. The Court held that "to preclude an evidentiary hearing . . . the Rule 29.07(b)(4) inquiry must be specific enough to elicit responses from which the motion court may determine that the record refutes conclusively the allegation of ineffectiveness asserted in the 29.15 motion." *Id.* at 55. The Court noted however that inquiries conducted during Rule 24.035 guilty plea hearings are often more thorough than Rule 29.07(b)(4) inquiries, and "as a consequence of the thoroughness of the questioning conducted in most guilty plea proceedings, significant numbers of Rule 24.035 motions are appropriately overruled without evidentiary hearing because the inquiry conducted by the trial court upon taking the guilty plea elicits responses that conclusively refute the allegations in a later filed Rule 24.035 motion." *Id.* at 56.

Here, the trial court conducted a sufficiently specific inquiry. Although it did not ask specifically whether Haynes had discussed all defenses with counsel or whether Haynes was confident his counsel was prepared for trial, the trial court did discuss whether Haynes wished to continue the proceedings to obtain medical records relating to a mental illness and for Haynes to undergo an evaluation to determine whether he might be eligible to plead not guilty by reason of mental disease or defect. Haynes elected to further discuss the medical records with counsel and the trial court permitted time for Haynes to do so. Upon return from those discussions, which may reasonably be concluded included discussions of the viability of such a defense, Haynes testified during the plea colloquy that he was satisfied with plea counsel's performance. Haynes was afforded opportunity to discuss defenses with counsel and testified that he was satisfied with those discussions. The record here reflects that the inquiry was sufficiently specific to satisfy the requirements of *Driver*.

9

**Point Two**

Haynes's second point argues that the motion court erred by denying without an evidentiary hearing his Amended Motion's claim that trial counsel was ineffective for "failing to advise [Haynes] that he had a viable defense to the charge of D felony driving while license revoked," because "the state could not prove beyond a reasonable doubt that [Haynes] *knowingly* drove a car while his license was suspended/revoked." Haynes asserts the State arguably could not prove that Haynes "knowingly drove a car while his license was suspended/revoked" because at the time of the offense he believed his license status was "eligible for reinstatement," when in fact his license status had been changed by the Department of Revenue to "suspended." The record conclusively refutes Haynes's claim.

First, as already noted, Haynes expressed satisfaction with counsel during the plea hearing, and confirmed that he had relayed to counsel "all the facts and circumstances surrounding [his] case." *See Voegtlin v. State*, 464 S.W.3d 544, (Mo. App. E.D. 2015) (holding that the record conclusively refuted a movant's claim when the movant "was clear and consistent" in confirming satisfaction with counsel's performance, understood the nature of the plea, the trial court asked movant a series of specific questions about counsel's investigation, and movant "freely admitted to committing the crime").[5] Second, even more compelling, Haynes admitted he knowingly committed the crime to which he pleaded guilty. During the plea hearing, Haynes stated multiple times that he drove on the date of the offense, noting on one occasion that he "made a conscious decision" to flee police by

---

[5]Haynes repeats the same alleged deficiencies with the trial court's reliance on Haynes's expressed satisfaction with counsel's performance as were argued in connection with his first point. As discussed *supra* note 4, Haynes's argument is unavailing.

driving away when they attempted to pull him over. During the plea colloquy, the court inquired:

> Court: You're guilty of [driving while license was suspended or revoked and resisting a lawful stop] because on or about February 20, 2016, in the County of Lafayette, State of Missouri, you operated a motor vehicle on a highway, 16th and Main in Higginsville, during your time when your operator's license was suspended or revoked under the laws of this state and *you knew that your operator's license was suspended or revoked*?
>
> Haynes: Yes, sir.

(emphasis added). Haynes's testimony during the plea hearing defeats the defense he claims counsel ineffectively failed to bring to his attention, thus refuting his claim. *See Wilson v. State*, 177 S.W.3d 852, 854 (Mo. App. E.D. 2005) (holding that a movant was not entitled to an evidentiary hearing when the movant's testimony during the plea hearing demonstrated that the movant would not have a viable defense of self-defense).

In addition, the Amended Motion admits that, prior to his offenses, Haynes knew he needed to reinstate his license but failed to do so. Haynes's Amended Motion asserts that Haynes went to the Department of Motor Vehicle's office, having "accomplished all steps necessary" to reinstate his license, but that he failed to do so because of "customer wait time." By Haynes's admission, he was at best driving at the time of his arrest under the impression he was "eligible for reinstatement." A license that is eligible for reinstatement is *not* a reinstated license. *See* Section 302.060. The fact that, according to Haynes, his license status was subsequently changed to "suspended," unbeknownst to him, is meaningless. Section 302.321.1 provides that a person commits the offense of driving while revoked by operating a motor vehicle when the person's license "has been cancelled,

11

suspended, or revoked." As a result, whether Haynes's license was revoked and subject to reinstatement, or merely suspended, the record conclusively establishes that Haynes knew at the time of his offenses that he was operating a vehicle without a valid license. Evidence that a license has been suspended, and not reinstated by the date of arrest, is sufficient to prove the requisite culpable mental state for driving while revoked. *State v. Bristol*, 98 S.W.3d 107, 112-13 (Mo. App. W.D. 2003); *see also State v. Ise*, 460 S.W.3d 448, 456-57 (Mo. App. W.D. 2015) ("a driving record showing expiration or revocation is sufficient" to establish the requisite culpable mental state for purposes of section 302.321).

The motion court did not clearly err in denying Haynes's second claim without an evidentiary hearing.

Point Two is denied.

## Conclusion

The motion court's Judgment is affirmed.


_____
Cynthia L. Martin, Judge


All concur

12